# SECOND DISTRICT, OCTOBER, 1897.

### J. C. WARD v. M. A. WILSON ET AL.

Delivered October 3, 1897.

**1. Pleading—Filing Supplemental Petition—Leave of Court—Harmless Error.**

Defendant is not prejudiced by the filing of a supplemental petition without leave of the court, where it is a declaration upon an agreement signed by his attorney, presumably with his authority, and with notice to him.

**2. Sale of Land—Mortgage—Assumption—Personal Judgment.**

The grantee of a portion of land covered by a mortgage is not liable to a personal judgment for the amount of the mortgage debt, under his agreement to pay the amount equitably chargeable against the portion conveyed to him, and to guarantee that the remaining land will sell for enough to discharge the debt equitably chargeable against it.

ERROR from Clay. Tried below before Hon. GEORGE E. MILLER.

*J. H. Cobb* and *Flood, Hughes & Foster*, for plaintiff in error.

*J. A. Templeton* and *H. A. Allen*, for defendants in error.

The Reporter has been unable to obtain copies of the briefs.

TARLTON, CHIEF JUSTICE.—M. A. Booone, under her former name of M. A. Wilson, conveyed to one J. M. Thompkins five quarter sections of land lying in Clay County, Texas, for which on September 21, 1891, he executed his five promissory notes, each in the sum of $960, payable to Mrs. M. A. Wilson, and numbered 3, 7, 9, 11, and 14. The notes were payable on the 21st of September, 1901; but it was provided that they should bear interest at 8 per cent per annum, payable on the 21st day of September of each year, and that, if the interest should remain unpaid for ten days after maturity thereof, the legal holder could at once declare the entire obligation due and payable.

A default having been made in the payment of interest as thus stipulated, plaintiff exercised the option provided for, and brought suit on February 22, 1896, against divers parties claiming interests in the sections, including J. C. Ward, the plaintiff in error. The latter was duly cited, and from his answer filed at the succeeding March term, 1896, it appears that he claimed an interest of 60 acres out of the south half of the northwest quarter of section 53, and also an interest of 80 acres out of the north half of the northeast quarter of section 58; his claim in each instance being by purchase from J. J. and Emma Pond, to whom M. Brooks, the vendee of Tompkins, had sold 60 acres out of the south half

of the northwest quarter of section 53, and all of the northeast quarter of section 58. It was alleged that J. J. and Emma Pond, in consideration of this conveyance, had assumed to pay $360 of note 11, and interest, and all of note 14, and that Ward did not assume to pay any part of the indebtedness. The remainder of note 11 ($640 and interest) was alleged to have been assumed by one T. B. Gill, a purchaser of 100 acres off the north end of the northwest quarter of section 53.

At the same term of the court the following agreement as to the matters in controversy between the plaintiff and J. C. Ward was signed by the attorneys for the parties, respectively:

"M. A. Wilson v. E. B. Gill et al. In District Court of Clay County, Texas, March Term, 1896.

"In the above entitled cause, it is agreed that whereas, J. C. Ward claims a part of the land in controversy herein, which he purchased from J. J. and Emma Pond, viz., 60 acres off the south end of the northwest quarter of section 53, and 80 acres off the north end of the northeast quarter of section 58, which land is more particularly described in said J. C. Ward's pleading; and whereas, said land is subject to plaintiff's lien to secure notes Nos. 11 and 14, given by M. J. Tompkins for said quarter sections of land, respectively, which notes are sued on herein; and whereas, said J. C. Ward has paid a part of the interest due on said notes, and desires to continue to pay his pro rata part of said notes, for which the land held by him is equitably bound according to the terms of the original contract between plaintiff and said Tompkins:

"Now, therefore, it is hereby agreed by and between the plaintiff herein and said J. C. Ward that said J. C. Ward shall have the right to continue to carry out said original contract, in so far as the incumbrance equitably chargeable against the land so held by him is concerned; and said plaintiff hereby agrees to permit said defendant to make the payment of the amounts, principal and interest, of said indebtedness, which is equitably chargeable against said land so held by J. C. Ward according to the terms of the original contract of sale. And said J. C. Ward hereby agrees and binds himself to make the remaining portion of the said quarter sections of land sell for enough to pay off and satisfy all that part of the indebtedness above mentioned which is properly chargeable against the same, or, upon his failure to make said land bring said amount so properly chargeable. against same, the said J. C. Ward agrees to pay such balance, and upon so doing he shall be entitled to and may have an assignment to him of a pro rata part of the judgment which he may have to pay in order to protect his interest herein—that is to say, all of such indebtedness other than the indebtedness properly chargeable against the land so held by said J. C. Ward; and it is agreed that the remaining portion of said quarter sections may be first sold to satisfy the said indebtedness against same, and that the lands so held by Ward shall only be liable for the balance due after such sale. And as to such balance, payment thereof shall be made as above specified.

"But it is expressly understood that this agreement shall not have the effect to waive, or in any manner impair, the plaintiff's lien against said quarter section of land for the full amount of said note, until same is fully paid. It is also understood and agreed that this agreement shall not be taken or construed as in any manner affecting the plaintiff's rights against any of the remaining defendants herein, or against lands held by them, respectively, and the court, in the decree to be rendered in this cause, shall have full power to adjust all of the equities of the various parties, to the same extent as he could do were no such agreement made; but, in so far as this agreement can be enforced and carried out by the court without affecting the interest of the plaintiff as against the remaining defendants, same shall be done.

"M. A. BOONE (née M. A. Wilson), Plaintiff, by J. A. Templeton, Attorney for Plaintiff.

"J. C. WARD, by J. H. Cobb, His Attorney."

Thereafter, at the same term, the cause was continued. At the succeeding September term the plaintiff filed a second supplemental petition, purporting to be in reply to the answer of the defendant Ward, in which she declared upon the written agreement already referred to; alleging the maturity of notes 11 and 14, on account of the failure to pay interest as therein stipulated, and praying a personal judgment against Ward in accordance with the terms of the agreement.

On October 14, 1896, the court entered judgment reciting the appearance of "both parties;" that they announced "ready for trial," waiving a jury, and submitting the matters of fact as well as of law to the court; and further reciting that the court heard the pleadings, evidence, and argument of the counsel. The court, among other matters, rendered a personal judgment, by virtue of the agreement referred to, in the sum of $2376 against Ward. This judgment we are asked to revise.

1. We are of opinion that the supplemental petition was a pleading alleging a cause of action against Ward, and justifying a personal judgment. It contained matters in reply to the answer previously filed by him, denying the assumption of indebtedness. Ward having been served with citation, and having answered, the agreement signed by his attorney can not be regarded as unauthorized. Nor was it necessary that there should be an affidavit as to the justness of the plaintiff's claim.

The recitals in the judgment do not permit us to concur with the plaintiff in error that he was not in court when the second supplemental petition was filed. If it be true that it was filed without leave of the court— a fact on which the record does not enlighten us—it can not be said that the defendant was injured by an omission to obtain such leave, in view that it was a declaration upon an agreement presumed to have been signed by his authority, and of which he necessarily had knowledge.

2. We are of the opinion, however, that the agreement did not authorize a personal judgment against the defendant in the sum of $2376, the aggregate amount of the two notes secured by lien upon the two quarter

sections, in each of which the defendant claimed but a partial interest. It is only by the terms of the agreement that any obligation rests upon Ward. We find nothing therein justifying the conclusion that he intended thereby to charge himself with the burden resting upon the entire land securing the two notes. The agreement accorded Ward the privilege of making payment of the amount equitably chargeable against the land held by him, in consideration of which, in the event that he failed to cause the remainder to sell for enough to discharge that portion of the indebtedness properly chargeable against it, he undertook to pay such balance. This balance, as shown by the plaintiff in error, is represented by the sum of $1080, with 10 per cent as attorney's fees thereon, drawing interest at the rate of 8 per cent from the date of the judgment below. For this amount, and no more, personal judgment should have been rendered against Ward.

3. Other questions raised by the plaintiff in error are without merit. However, on account of the excessiveness of the recovery against him, we order that the judgment, affirmed as to the parties not complaining, be otherwise reversed, and here reformed and rendered in accordance with the foregoing conclusion.

*Reversed and rendered.*

MOTION FOR REHEARING BY PLAINTIFF IN ERROR.

January 8, 1898.

This motion is overruled, with the remark that it is believed that the averments of the plaintiff's supplemental petition, read in the light of the recitals of the agreement made a part thereof, were sufficient to justify a personal judgment against Ward, in the absence of any exception, general or special, addressed to the pleading. Burks v. Watson, 48 Texas, 112.

It is also believed that, under the judgment rendered by this court, and as indicated in its opinion, the rights of the plaintiff in error under the agreement signed by him are fully protected. No execution is awarded against him, unless he fail at the foreclosure sale directed in the judgment to make the land, the amount due on which he has assumed to pay, bring the amount thus assumed. If the land shall bring such amount at the foreclosure sale, no judgment whatever will rest against him. So, if he comply with his obligation, he will obtain title to the land sold under foreclosure. So, also, on such compliance, the judgment for which the land should be sold would be canceled, and no judgment would hence remain against any party to be transferred to him.

*Rehearing denied.*

Motion overrruled.

MOTION FOR REHEARING BY DEFENDANTS IN ERROR.

It is made to appear by this motion that the record indicates that the true amount assumed by Ward, and for which judgment should be ren-

dered against him, is $1377.98, with 8 per cent interest from the date of the judgment below, instead of $1080, with 10 per cent as attorney's fees thereon, as set forth in our original opinion.  The judgment heretofore entered will therefore be reformed so that the judgment rendered against Ward will be in the sum of $1377.98, with 8 per cent interest from the date of the judgment below.

To this extent the motion is granted, but in all other respects it is overruled.  So ordered.

*Rehearing granted and judgment reformed.*

Writ of error granted.  Judgment of Court of Civil Appeals affirmed. Ward v. Wilson, 92 Texas.