### COMMERCIAL CREDIT CO., INC., v. RAMSEY.

### No. 14025.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 9, 1940.

Rehearing Denied March 22, 1940.

192

Dallas C. Biggers and Ralph D. Baker, both of Dallas, for appellant.

Johnson & Oliphant, of Dallas, for appellee.

BROWN, Justice.

Appellee brought suit in the district court of Cooke County, Texas, against appellant, for damages, alleging that appellant had slandered the title to his lands by abstracting a judgment obtained by appellant against appellee's son, who bears the same name as appellee, and causing the abstract of judgment to be recorded in Cooke County.

A judgment was agreed upon, by counsel for the respective parties, in open court, on October 24, 1938, and judgment pronounced at such time.

Appellee attempted to set aside the judgment and to obtain a new trial, by a motion filed on the third day after judgment was agreed upon and pronounced, in open court, and which motion was acted upon by the trial court, on the day following its filing, and was granted and an order entered to that effect, without giving opposing counsel and his client, the appellant, any notice of the pendency of the motion or of the hearing had thereon. The motion was filed on October 27th, which was Thursday, was acted upon October 28th, which was Friday, and the term of court ended by operation of law Sunday night, October 30th, at 12 P. M.

To this suit appellant answered, filing first a plea in abatement to the effect that all parties announced ready in the case on October 24, 1938, and after certain negotiations and argument, in open court, the plaintiff and defendant did agree to settle the case, and did settle said case and entered such judgment, and defendant agreed to pay the costs of such judgment, the judgment agreed upon being one clearing the land of the cloud, if any. That the agreement was made with plaintiff's attorney, who discussed the agreement with the plaintiff before it was made. That the mere fact that the plaintiff changed his mind, later, would not authorize the trial court to set aside the agreed judgment.

Upon a hearing of this plea in abatement, a stipulation was entered into by all parties as covering the facts; the substance being: that on October 24, 1938, all parties announced ready for trial and began the trial of the cause, and that plaintiff's counsel stated that his principal contention was that young Ramsey had signed the note and mortgage "G. L. Ramsey, Jr.," and that the defendant had left off the "Jr." in taking the judgment, but defendant's counsel stated that the note and mortgage showed only "G. L. Ramsey" and that was the only name the defendant knew in the matter. That then plaintiff's counsel, Mr. Culp, stated that if such was the fact he "was ready to quit." That defendant's counsel produced the note and mortgage which showed to have been signed only "G. L. Ramsey", and plaintiff's counsel asked for time to see his client and to compare the mortgage with the records in the County Clerk's office. That after the lapse of a few minutes, Mr. Culp returned to the court room and announced that he was ready to dispose of the case on the basis that the plaintiff take judgment removing the cloud and costs and that plaintiff take nothing against the defendant by way of damages. That then the trial court entered a notation on the docket: "Judgment as per decree on file." But no decree was ever actually prepared and put on the minutes. That on the 27th day of October, 1938 (which was three days after judgment was rendered by the court, in open court), Mr. Culp, counsel for plaintiff, filed the following motion: "Comes now the plaintiff and moves the court to set aside the judgment agreed to be entered herein by counsel for plaintiff and defendant because plaintiff never consented to such agreed judgment and that same is a confession of judgment against his interests. Wherefore he prays the judgment herein be set aside and he be granted a new trial." The motion is not verified and is signed by Mr. Culp, plaintiff's counsel.

On the 28th day of October, 1938, the trial court entered an order setting aside the judgment and granting the said motion, the order being recorded in the minutes. That defendant's counsel had no notice of the hearing on the motion and was not present when same was heard, and did not know until after the adjournment of that term of court that the judgment had been set aside.

The plea in abatement having been overruled, the trial court put the parties to trial and on a jury verdict rendered judgment for appellee against appellant for damages, etc.

The first assignment of error presents the action of the trial court in overruling the plea in abatement for our review.

■ We take judicial notice of the fact that the term of court at which these proceedings were had in October, 1938, began on September 5th, 1938, and was for a period of eight weeks, which brought that term to an end at midnight, Sunday, October 30, 1938.

Thus it will be seen that this motion to set aside the agreed judgment was actually filed on the third day, after the judgment was agreed to, in open court, and was acted on by the trial court the day after it was filed and was granted on the 28th day of October, 1938, which was Friday of the last week of court.

It is evident that no attempt to give the defendant, or his counsel, notice of the pendency or a hearing of the motion was made.

Article 2232 (Rev.Civ.Statutes) provides that new trials may be granted and judgments set aside "on motion for good cause."

In the instant suit the trial court did not act on his own motion. The record discloses that he only considered and was moved to act on the motion that was filed and presented to him.

■ Article 2291 (Rev.Civ.Statutes) relating to motions and notice given thereof stipulates: "If the time of service is not elsewhere prescribed, the adverse party is entitled to three days' notice of a motion not relating to a pending suit,

and such motions shall be taken up and disposed of in their order as other suits are required to be."

In construing this portion of the statute quoted, Mr. Chief Justice Conner, speaking for this court, in Campbell v. Richards, 233 S.W. 532, 534, said: "By reference to the statutes mentioned, it will be seen that motions may be filed not only in suits pending, but also in such suits after a determination of the issues involved, as in the case of the motion before us. It is to be further noted that it is essential that the opposing party or the party to be affected by the motion must receive notice of its filing."

It is evident to us that, when the trial court pronounced judgment in the cause, which judgment was predicated upon an agreement had and entered in open court, by counsel for the respective parties, the cause was not then a pending cause, but the issues had then been determined.

It will be observed that the motion to set aside the judgment theretofore rendered and to grant the plaintiff a new trial is not verified and it is not supported by the plaintiff's affidavit.

This motion relates to a matter that did not arise during the hearing of the case and does not call into question any ruling of the trial court. It presents a matter that is new.

■ It will not be seriously contended that such a motion, filed to set aside a judgment of the court theretofore pronounced, is not required to be supported by an affidavit, or that the motion should not be sworn to by the party or his representative and then supported by proof.

In Glover v. Pfeuffer, Tex.Civ.App., 163 S.W. 984, writ refused, the court holds that a motion for a new trial, bottomed on such a matter or fact that would require proof of its existence, unsupported by affidavits, and which motion was filed at the very end of the term, does not give the opposite party an opportunity to answer it, and the Court of Civil Appeals sustained the action of the trial court in not giving any weight to the motion.

That opinion cites two Supreme Court cases which hold that such motions filed at the very end of the term, as the motion in the instant case was filed, simply come too late. See Texas & N. O. Ry. Co. v. Scarborough, 101 Tex. 436, 108 S.W. 804,

and Houston Oil Co. et al. v. Kimball et al., 103 Tex. 94, 122 S.W. 533, 124 S.W. 85.

These cases recognize the right of the party, whose interests are affected by the motion, to be given an opportunity to meet the contentions made in the motion.

That the trial court acted solely on the motion in making the order setting aside the judgment, theretofore pronounced in open court, there is not the shadow of a doubt.

■ We believe that under the record before us he could not do so and that his order sustaining such motion should be set aside.

The law favors compromises and settlements of controversies.

Courts are not inclined to set aside judgments rendered in pursuance of compromises, and even though the attorney who agrees to such compromise may have no actual authority to do so, it is the policy of our courts not to set aside such judgments, in the absence of a showing of injury suffered by the party seeking to vacate the judgment.

Vol. 5, Tex.Juri., sect. 52, page 461 et seq.; Roller v. Wooldridge, 46 Tex. 485; Ward v. Wilson, 17 Tex.Civ.App. 28, 43 S.W. 833, affirmed 92 Tex. 22, 45 S.W. 8; East Line & Red River R. Co. v. Scott, 72 Tex. 70, 10 S.W. 99, 13 Am.St.Rep. 758.

Each litigant has a substantial right in an agreed judgment. A right that is vested, at least for the time being, and it is our opinion that such a judgment cannot be set aside by one of the litigants in the absence of a showing of injury, and in the absence of a showing that such judgment was reached through fraud, accident or mutual mistake. And we further conclude that a motion, or petition, filed to set aside such a judgment, cannot be heard by a trial court, or acted upon, unless notice is given the opposing litigant, whose rights are affected by the motion.

We hold that the plea in abatement is well taken and should be sustained. In other words, we hold that plaintiff cannot relitigate the issues involved in the suit until he can, by proper proceedings, set aside the former judgment for good cause established.

■ We hold that the trial court rendered judgment on October 24, 1938, in accordance with the agreement made by counsel representing the parties to this

litigation, and that it is the duty of the trial court to enter judgment in accordance with such agreement, nunc pro tunc.

When such a judgment is entered, then the rights of the parties thereto to file whatever motions or other pleadings they may see fit to file will be preserved.

The judgment of the trial court is reversed and judgment is here rendered for appellant sustaining its plea in abatement, but without prejudice to the right of the appellee to file a proper motion for a new trial, if, as and when the trial court causes the judgment heretofore rendered to be entered, or his right to file a proper proceeding to set aside the judgment rendered, for good cause, if any there be.