**Robert Curtis BERRYMAN, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 1211.**

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 31, 1977.

Thurman L. Mulhollan, Corpus Christi, for appellant.

Andrew J. Lehrman, Asst. County Atty., Michael J. Westergren, County Atty., Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is a driver's license suspension case. The Nueces County Court at Law No. 1, by judgment dated January 14, 1977, found:

".  .  . there does exist a reasonable probability of judgment being rendered against Robert Curtis Berryman in the amount of $1,141.86 as a result of a motor vehicle accident on a public highway in the State of Texas on or about December 2, 1975."

The judgment decreed:

".  .  . that .  .  . Robert Curtis Berryman's Operator License No. 2168964 and driving privileges be suspended as provided in Article 6701h, V.A.T.C.S., Section 5."

Robert Curtis Berryman has duly perfected an appeal to this Court from that judgment.

On December 2, 1975, an automobile which was then being driven by Berryman, appellant, collided with an automobile which was then owned by and was being operated by Bennie Jiminez. The collision occurred on a street in Corpus Christi. On May 6, 1976, a hearing was held in the Municipal Court of Corpus Christi, and that court ordered Berryman's license be suspended. Berryman appealed that order to the Nueces County Court. A trial de novo was held in the Nueces County Court at Law No. 1 on January 7, 1977, and the above-mentioned judgment was rendered on January 14, 1977.

Berryman, appellant, brings forward four points of error. In summary, he contends that the trial court erred in rendering judgment against him, because: while there is evidence showing damage to the other vehicle, there is no proof that the amount of money required in the judgment as security was necessary to repair the damages to the other car; there is no proof that such amount is reasonable; and, finally, the trial court erred in allowing Bennie Jiminez, over Berryman's objection, to testify that she had received an estimate for the repairs of such damage in the amount of $1,141.86.

Under the provisions of Tex.Rev.Civ.Stat. Ann. Art. 6701h, § 5(b), (1977), an uninsured motorist involved in an accident may be subject to suspension of his license registration or privilege and may be required to

deposit an amount in security for damages resulting from the accident. Provided the necessary procedural steps are taken, this determination may be reviewed in a hearing before the judge of the municipal court or the appropriate justice of the peace and if relief is not obtained, the uninsured motorist may appeal the findings to the county court of the county in which the hearing was held, and the appeal shall be by trial de novo. The issues to be determined at the hearing in the County Court at the trial de novo are: 1) whether or not there is a reasonable probability of a judgment being rendered against the appellant as a result of his accident; and 2) if so, the amount of security that will be sufficient to satisfy any judgment or judgments for damages resulting from the accident.

In the case at bar, the points of error relate solely to the amount of security to be posted and do not attack the lower court's determination of whether or not there was a reasonable probability of a judgment being taken against the appellant. See generally, *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).

Berryman testified that he had not obtained a judgment against Mrs. Jiminez; that Mrs. Jiminez had not released him from liability for the accident; there was no agreement between them for payment of damages to her car; and that he had not yet posted any amount of money as security which would be sufficient to satisfy any judgment for damages resulting from the collision. Mrs. Jiminez testified, as follows:

"Q. What side did he hit you on?

A. On the left side  .  .  .  Front and back"

\*     \*     \*     \*     \*     \*

"Q. Was damage done to your car?

A. Yes."

\*     \*     \*     \*     \*     \*

"Q. In your opinion what was the damage done to your automobile?

A. In my opinion I said it was a total loss.

\*     \*     \*     \*     \*     \*

Q. Okay, how much did it cost you to repair your automobile?

A. Eleven forty-one and eighty-six.

Q. Okay, that's Eleven Hundred Forty-one Dollars and eighty-five, no eighty-six cents, correct?

A. Yes, that's what I paid. That was my part."

Neither Mrs. Jiminez nor Berryman, the only two witnesses who testified at the trial, gave any testimony concerning the reasonableness of the cost of the repairs.

Mrs. Jiminez testified that her car was struck by Berryman's car, that her car was damaged, damage was suffered, and that the damage occurred on the left side, front and back. Berryman's first point is overruled.

█ A determination of the amount of security is directly related to the damages suffered by the other parties resulting from the accident. Tex.Rev.Stat.Ann. Art. 6701h (1977). The principles generally applicable to proof of damage to personal property are an appropriate standard in fixing the amount of security in this instance. *Gillaspie v. Department of Public Safety,* 152 Tex. 459, 259 S.W.2d 177, 183–4 (1953), cert. denied, 347 U.S. 933, 74 S.Ct. 625, 98 L.Ed. 1084 (1954). The fundamental rule of damages is that the injured party is entitled to be fully compensated for the wrongful injury to or destruction of property. 22 Am. Jur.2d § 131 p. 189 (1965). When property, such as an automobile, is damaged but is repairable, the cost of repairs is the measure of recovery, provided the costs were reasonable and necessary. It was noted in *Pasadena State Bank v. Isaac,* 149 Tex. 47, 228 S.W.2d 127, 128 (1950):

".   .   . In cases where the damaged personal property is susceptible of repairs the owner of the injured property may recover the reasonable costs of such replacements and repairs as are necessary to restore the damaged article to its condition immediately prior to the accident. .   .   ."

█ If recovery is sought for the cost of repairs to personal property, the owner must prove the reasonable cost of the re-

pairs, and not merely the sum he paid others for doing the work. *Allright, Inc. v. Lowe,* 500 S.W.2d 190, 191–2 (Tex.Civ.App. —Houston [14th Dist.], no writ); *Pinson v. Dreymala,* 320 S.W.2d 152, 156–7 (Tex.Civ. App.—Houston 1958, writ dism'd); *Tinney v. Williams,* 144 S.W.2d 344, 346 (Tex.Civ. App.—Amarillo 1940, no writ); *Galveston-Houston Electric Ry. Co. v. English,* 178 S.W. 666, 667 (Tex.Civ.App.—Galveston 1915, no writ); 17 Tex.Jur.2d Damages § 94, § 230, p. 166, p. 291–2 (1960).

■ Texas, as distinguished from some other jurisdictions, does not presume reasonableness of repairs to an automobile from the mere fact of payment. See 25A C.J.S. Damages § 162(12) p. 123 (1966). Recovery in Texas is denied in the absence of evidence to that effect. Proof that an accident occurred and the amount paid for the repairs caused by that accident are not evidence that such charges are reasonable. See generally, *Dallas Railway & Terminal Company v. Gossett,* 156 Tex. 252, 294 S.W.2d 377, 382 (1956). In the present case, the only tenable theory for determining the amount of security necessary would be based on the premise that the damage suffered to the Jiminez car was repairable, and that the cost of these repairs was $1,141.86. The evidence pertaining to the cost of repairs merely shows that the car was damaged and that a specified amount was paid for its repair. There is no showing that such repairs were reasonable and if the reasonableness of the repairs may be inferred, there is additionally no showing nor inference to be drawn from the evidence that the repairs made were necessary. Accordingly, Berryman's second and third points are sustained.

■ It is the opinion of this Court that although the no evidence points are sustained, the case should not be reversed and rendered, but should be remanded to the trial court for a new trial. It is undisputed that Berryman did not have proper insurance coverage at the time of the collision, and that he made no attempt to settle the matter of damages with Mrs. Jiminez. Furthermore, he admitted that he did not post any security with anyone which would have been sufficient to satisfy any judgment which might have been rendered against him for damages resulting from the collision. It appears from the record that the Jiminez car was substantially damaged in the collision, and that there is a reasonable probability of a judgment for damages being rendered against Berryman as a result of the collision with the Jiminez car. There seems little doubt but that some amount of money should be required of Berryman as security against any judgment that might be rendered against him; but, the record before us in this appeal will not support a security in the amount of $1,141.86. We feel that this is a proper case to apply the rule suggested by Justice Calvert, in 38 Tex.L.Rev. 361, 369 (1960), "No evidence" and "Insufficient Evidence" Points of Error, wherein he said:

> ". . . once a 'no evidence' point is sustained, a Court of Civil Appeals has broad powers, and should exercise them, to remand for retrial rather than render judgment when the evidence has not been fully developed and it appears that a retrial will better serve the interests of justice."

Since the evidence pertaining to the amount of security which should be required of Berryman was not fully developed at the hearing on January 7, 1977, it appears that the cause should be remanded for a retrial in order that the interests of justice will be better served. Moreover, a reversal and remand rather than a reversal and rendition would be in harmony with obvious legislative intent in enacting the Texas Motor Vehicle Safety Responsibility Law.

The judgment of the trial court is REVERSED and the cause is REMANDED to the trial court for retrial.