Beatrice H. FORD, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. A2182.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 7, 1979.

Rehearing Denied Nov. 28, 1979.

Barry Boorstein, Law Office of Adolph Uzick, Houston, for appellant.

Joe Resweber, County Atty., William R. Bruyere, Asst. County Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and JUNELL, JJ.

J. CURTISS BROWN, Chief Justice.

In a trial de novo in a county court at law, appellant's driver's license and automobile registration were suspended. Appellant appeals solely on the basis of the amount of security to be posted.

On April 30, 1978, an automobile driven by appellant, Beatrice Holmes Ford, was involved in an accident with an automobile driven by John S. Frazier. Pursuant to Article 6701h, Tex.Rev.Civ.Stat.Ann. (1977),

the Texas Department of Public Safety (appellee) made an administrative determination that there was a reasonable probability of a judgment being rendered against appellant as a result of the accident. Based on this determination, the Department suspended appellant's driver's license and automobile registration. Ford sought and obtained a trial de novo in a county court at law.

Appellee presented evidence that appellant's car struck Frazier's car on the left hand side from behind and knocked it into a utility pole. Mr. Frazier and Mrs. Frazier, who was riding in the car at the time of the accident, both sustained personal injuries and their car was severely damaged.

The court found that there was a reasonable probability of a judgment being entered against appellant as a result of the accident and that security in the amount of $25,000.00 would be sufficient to satisfy any judgment for damages resulting from the accident. Based on these findings, the court ordered the suspension of appellant's driver's license and automobile registration unless and until appellant deposited the security and filed proof of financial security with the Department of Public Safety.

In her first three points of error, appellant mainly contends that the court erred in allowing the testimony of Mr. and Mrs. Frazier regarding their physical condition and injuries because they are not expert witnesses. If this testimony were not allowed, appellant claimed, then there would not be sufficient proof to require $25,000.00 as security for the damages suffered by the other parties to the accident.

Article 6701h provides that if the owner of an automobile is involved in an accident in which personal injuries or property damages of at least $250.00 have resulted, and if there is a reasonable probability of a judgment being rendered against the person because of the accident, then the Department of Public Safety may suspend the driver's license and automobile registration of that person.

A determination of the amount of security is directly related to the damages suffered by the other parties to the accident. *Berryman v. Texas Department of Public Safety*, 555 S.W.2d 539 (Tex.Civ. App.-Corpus Christi 1977, no writ). However, cases under this statute are not tried like the ordinary civil suit for damages. The Department need only show that there is a reasonable probability of a judgment being rendered against appellant and that the amount posted as security would probably be recovered in such a judgment.

It is a well established rule that expert testimony is not required to show the value of personal injuries. *Texas Motor Coaches v. McKinney*, 186 S.W.2d 714 (Tex. Civ.App.-Dallas 1945, no writ). An injured person may testify as to his own injuries and such testimony may be given probative effect by the trier of fact. *Coca Cola Bottling Co. of Fort Worth v. McAlister*, 256 S.W.2d 654 (Tex.Civ.App.-Fort Worth 1953, no writ). Mr. Frazier testified that he did sustain injuries because of the accident. His wife, who was nine months pregnant at the time, also suffered personal injuries and was in intensive care for about a month. Appellant's first three points of error are thus overruled.

Appellant also urges that the trial court erred in allowing Mr. Frazier to testify as to the amount of damage sustained by his vehicle as a result of the accident. The supreme court has held that "the general rule for measuring damages to personal property is the difference in the market value immediately before and immediately after the injury to such property at the place where the damage was occasioned." *Pasadena State Bank v. Isaac*, 149 Tex. 47, 228 S.W.2d 127 (1950). Furthermore, the owner of an automobile may testify as to his opinion of the value of that car even though he may not be an expert in that field generally. *Classified Parking System v. Kirby*, 507 S.W.2d 586 (Tex.Civ.App.-Houston [14th Dist.] 1974, no writ). Mr. Frazier testified that his car was worth about $4,000.00 before the accident and that it had no value after the accident. The

Fraziers' testimony regarding their personal injuries and the damages to their vehicle is acceptable and may be used in computing the amount of security to be deposited by the uninsured motorist. Damages in cases under Article 6701h need not be proven to the same extent as in a usual civil case for damages. We have considered all of appellant's other points of error and they are overruled.

The judgment of the trial court is affirmed.

Affirmed.