HELFMAN MOTORS, INC., Appellant,

v.

Ray J. STOCKMAN, Appellee.

No. 18406.

Court of Civil Appeals of Texas, Fort Worth.

April 30, 1981.

Rehearing Denied May 28, 1981.

Simon & Simon, and Michael Johnston, Fort Worth, for appellant.

Green, Gilmore, Rothpletz & Hyden, and Ann S. Fritts and Joe Bailey Hyden, Dallas, for appellee.

## OPINION

HUGHES, Justice.

Helfman Motors, Inc. has appealed by writ of error from a default judgment rendered against it in favor of Ray J. Stockman.

We reform the judgment of the trial court and affirm.

The suit was initiated by Stockman against Helfman and Champion Home Builders Company. Stockman alleged breach of warranty, violations of Tex.Bus. & Comm.Code Ann. § 17.46 (1980), and unconscionable actions by Helfman and Champion. Helfman did not file an answer. Champion filed a plea of privilege which Stockman controverted. On November 16, 1979, Stockman filed a motion for interlocutory default judgment. No copy thereof was mailed or delivered to Helfman or his attorneys.

Later, on November 30, 1979 Stockman filed "Motions To Withdraw Plaintiff's Controverting Plea To Defendant Champion

Home Builders Company Plea Of Privilege, And To Transfer The Case Of Action Between Plaintiff And Defendant Champion Home Builders To Dallas County, Texas." A copy of such motion apparently was not delivered or mailed to Helfman. The same day the trial court granted the motion as well as a default judgment against Helfman for damages and attorney's fees.

Our first concern in this case is whether a proper service was had on Helfman to support the default judgment. Tex.Bus.Corp. Act.Ann. art. 2.11(A) (1980), provides that the "president and all vice presidents of the corporation and the *registered agent* of the corporation shall be agents of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served." (Emphasis ours.)

■ Helfman contends that it was not subject to the jurisdiction of the district court because the record does not affirmatively show, as it must, that it received service of process in accordance with art. 2.11, i. e., neither the petition, citation, return of citation or other evidence in the record indicates that William A. Helfman, the person actually served, was a president, vice president or registered agent of Helfman Motors, Inc.

Stockman's first amended original petition names William A. Helfman as Helfman's "agent of service." The direction on the citation is to "Q. William A. Helfman" and the sheriff's return recites that delivery was made to "William Helfman (Registered for serve in person)."

In considering the record as a whole we hold that the petition, the citation and the return thereon were sufficient in making a *prima facie* showing of William A. Helfman's authority. *See:* 4 McDonald's, Texas Civil Practice § 17.23.2 (1971); *Sheshunoff and Company, Inc. v. Scholl,* 560 S.W.2d 113 (Tex.Civ.App.—Houston [1st Dist.] 1977, rev. as to damages only, 564 S.W.2d 697, Tex.1978). We deem the case most heavily relied upon by Helfman, *Charles Cohen, Inc. v. Adams,* 516 S.W.2d 464 (Tex.Civ.App.—Tyler 1974, no writ), to be distinguishable in

that citation there was actually served upon the Secretary of State and not the named agent. We overrule Helfman's point of error number one.

■ We likewise overrule point of error number two which avers that the sheriff's return does not show the manner of service as we conclude that the manner is sufficiently shown as above recited. Helfman does not like the "agent for serve" recitation but we hold it to be sufficient to comply with Tex.R.Civ.P. 107.

■ Helfman's third point of error asserts, in part, that due to the fact that there was no severance of Stockman's cause of action against Champion from the cause of action against Helfman, the default judgment rendered against Helfman is interlocutory in character and thus not subject to review. As Helfman claims, there was no order in the record before us that specifically severs Stockman's claim against Champion. We do, however, have an order transferring the cause of action against Champion from Tarrant County to Dallas and a docket entry reciting that there was a severance as to Champion. We hold that, when taken together, these two items effectuate the severance of the causes of action. "A docket entry may supply facts in certain situations ... but it cannot be used to contradict or prevail over a final judicial order." *N-S-W Corporation v. Snell,* 561 S.W.2d 798, 799 (Tex.1977). The transfer order and the docket entry are in no way conflicting.

With no plea of privilege contained in the record before us we cannot judge its contents in order to pass upon Helfman's contention that the trial court erroneously transferred the severed portion to Dallas County. We overrule Helfman's third point of error.

Helfman's fourth point asserts that the trial court erred in granting Stockman's "Motion To Withdraw Its Controverting Plea To Defendant Champion Home Builders Company Plea Of Privilege, And To Transfer The Case Of Action Between Plaintiff And Defendant Champion Home

Builders To Dallas County, Texas" because Helfman was not given notice of such motion before it was heard by the trial court. We overrule this contention.

■ An interlocutory default judgment was rendered against Helfman on November 16, 1979. Stockman filed his "Withdrawal and Transfer Motion" on November 30, 1979. We hold that under Tex.R.Civ.P. 240, which allows a cause to proceed as to remaining defendants when one of several defendants has an interlocutory judgment rendered against him, Helfman was not a "party" entitled to receive copies of pleadings under Tex.R.Civ.P. 72.

Helfman relies upon the case of *Commercial Credit Co., Inc. v. Ramsey*, 138 S.W.2d 191 (Tex.Civ.App.—Fort Worth 1940, writ dism'd jdgmt cor.) for the proposition that it is entitled to notice because it will be affected by a transfer of the severed case to Dallas County if and when it should choose to assert any rights it has against Champion for contribution or indemnity. We find Helfman's cited case to be distinguishable. There it was held that, on policy grounds, a party was entitled to notice of an opposing litigant's motion to set aside their agreed judgment. We hold that the venue rights vested in Champion do not sufficiently affect Helfman so as to entitle it to notice.

By its fifth point of error Helfman contends that the trial court erred in rendering a monetary award against it because it was not notified of Stockman's motion for interlocutory judgment in accordance with Tex. R.Civ.P. 21a and 72.

By this opinion we have already decided that Helfman was duly served with citation. On November 16, 1979 Stockman filed a motion for interlocutory default judgment together with a certificate of Helfman's last known address. On the same date the trial court rendered an interlocutory default judgment against Helfman and set a hearing as to damages, attorney's fees and costs for November 30, 1979. The hearing was held on November 30 but Helfman was not in attendance.

■ We are in complete agreement that a defendant against whom a default judgment has been rendered has the right, upon the inquiry into the amount of unliquidated damages, "to be present, to interpose objections to testimony offered by plaintiff's witnesses and to cross-examine them in order that, by the exclusion of improper evidence, a proper judgment may be rendered on competent and sufficient evidence." *Rainwater v. Haddox*, 544 S.W.2d 729, 733 (Tex.Civ.App.—Amarillo 1976, no writ). We hold, however, that Helfman has received the notice to which he is entitled under the law. After Helfman was served with citation Stockman was under no legal duty to refrain from taking a default judgment without notifying Helfman. *Employer's Reinsurance Corporation v. Brock*, 74 S.W.2d 435 (Tex.Civ. App.—Eastland 1934, writ dism'd); *Western Union Telegraph Co. v. Skinner*, 60 Tex.Civ.App. 477, 128 S.W. 715 (1910, writ ref'd). Helfman does not complain that it was refused the right to be present etc. at the hearing as to damages nor does Helfman complain that there was no receipt of notice of the default judgment under Tex. R.Civ.P. 239a.

Helfman's assertions that it was entitled to notice of Stockman 's motion under the general provisions of Tex.R.Civ.P. 21a and 72 are interesting but unavailing. The motion for interlocutory default judgment filed by Stockman was actually unnecessary. Therefore, we hold that the failure of Stockman to notify Helfman of this motion if error, was not such as to constitute reversible error. We overrule Helfman's fifth point of error.

Helfman's sixth and seventh points of error assert that there is no competent evidence, or in the alternative, insufficient evidence to support the trial court's award of $109,376.04 in damages and $17,804.95 in attorney's fees. The judgment contains a listing of the amounts awarded as to specific items which were added together in arriving at the amount of actual damages. Helfman attacks each amount individually.

Helfman first attacks the award of $26,173.68 which represents the sum of Stockman's initial down payment and the payments which were made on a promissory note evidencing Stockman's debt to Helfman. It is Helfman's position that the true measure of actual damages is the difference between the value of the motor home as represented and the value of the motor home as Stockman received it. It should be pointed out that the allegations in Stockman's amended petition show that Stockman had not had the effective use, benefit or control of the motor home since the date of purchase. In fact, it appears that Helfman has taken the motor home into its possession and has not ever returned it. Furthermore, Stockman's testimony at the hearing on the amount of damages substantiates his allegations as to there being no effective use during the time Stockman possessed the motor home due to its poor condition, i. e., necessitating repeated and extended periods of repair time.

The Deceptive Trade Practices Act provides for recovery of "actual damages" which have been defined as the damages recoverable at common law. *Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931 (Tex.1980). However, under the facts of this case, even if we concede to Helfman's measure of damages, we hold that Stockman sufficiently proved his damages to the extent of the amount he paid for the motor home, $26,173.68. No deduction from this amount need be made because Stockman enjoyed no effective use of the motor home during the short period of time he possessed it.

Secondly, Helfman attacks the award of $285.00, an amount which Stockman expended to have the motor home's refrigerator repaired. We agree with Helfman's argument that there was no evidence that this expense was reasonable and necessary. "If recovery is sought for the cost of repairs to personal property, the owner must prove the reasonable cost of the repairs and not merely the sum he paid others." *Berryman v. Texas Department of Public Safety*, 555 S.W.2d 539, 541–42 (Tex.

Civ.App.—Corpus Christi 1977, no writ). Stockman introduced no evidence as to the reasonableness of this expense.

Thirdly, Helfman complains of the $10,000.00 awarded Stockman as actual damages sustained due to Stockman's lost time and the lost time to Stockman's businesses arising from the defects in the motor home.

Aside from the question as to whether these consequential damages were within the contemplation of the parties, it is evident from studying the record that Stockman's evidence is somewhat lacking.

The $10,000.00 amount was arrived at by multiplying $100.00 (the compensation rate of one of Stockman 's real estate agents) times 100 hours, a figure allegedly one tenth the number of lost hours Stockman says he could have proved. Stockman not only used the $100.00 figure as to the value of the time he himself lost, he also used it as the rate for valuing the time his employees and his wife lost. (It is not clear as to whether his wife was an employee but it appears that she was with him during hours he evidently counted which had accrued during his vacation.) No evidence was introduced as to a record of what hours were lost by whom or when. There is nothing more than Stockman's broad assertions.

Stockman testified that in terms of his oil and gas operation it took him six hours to drive the motor home to the site of two of his gas wells. However, in response to the same question he testified that he was six hours *late* and this cost him $3,000.00 an hour. There is no indication as to how long it would have taken if the motor home had not broken down.

Stockman also testified that because his real estate people could not use the motor home to take a party up to show some property in north Texas, a sale was lost; however, no further details (profit lost etc.) were given.

We hold the proof too insufficient to justify the trial court's award as to any part of the $10,000.00 of consequential damages. Although the amount of damages

sought need not be proved to a mathematical certainty, the plaintiff must prove the amounts of damages to the degree to which they are susceptible.

Finally, Helfman complains that the trial court's award of $17,685.95 as reasonable attorney's fees was erroneous because the evidence presented as to whether the number of hours spent on the case was hearsay.

 Although the attorney representing Stockman at the hearing as to damages read from the records of Art B. Clifton and Associates, the firm representing Stockman, it appears that he had personal knowledge because he testified that his testimony would be "with respect to the number of hours put in by Mr. Clifton and myself in preparation on this case." It was actually unnecessary for the attorney to read all of the entries into the record and thus the question as to whether the business records were hearsay is insignificant because the attorney offered other testimony.

He testified that a total of 176 hours was spent and that the facts in the case were particularly complex due to the number of original defendants. Much time, he testified, was spent in conducting negotiations as to an injunction which was rendered unnecessary because certain promissory note(s) were negotiated back to Helfman. The attorney testified that $125.00 per hour was a reasonable attorney's fee to be charged in this case. (The trial court intimated that it could allow no more that $100.00 per hour.) His testimony as to office and administrative expenses was also admitted.

Helfman's only contention as to the reasonableness of the attorney's fees is that $17,685.95 is, as a matter of law, an unreasonable amount of attorneys' fees for the obtaining of a default judgment. We disagree. Much valuable time can be expended in obtaining even a default judgment. We hold that there is evidence to support the award of attorney's fees made by the trial court.

Helfman's sixth and seventh points of error having been overruled in part and sustained in part we reform the judgment so as to allow the recovery of $26,173.68 as actual damages. In trebling this amount pursuant to DTPA § 17.50 we hold Stockman to be entitled to an award of $78,521.04 plus the awarded attorney's fees.

The judgment of the trial court is reformed and affirmed.