**P.J. PATTERSON, d/b/a Pat's Trucking Company, Appellant,**

v.

**A.L. POSS & SONS, INC. and Allen Construction Co., Inc., Appellees.**

No. 04–85–00064–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 29, 1986.

Rehearing Denied March 7, 1986.

Gregory W. Canfield, San Antonio, for appellant.

Dennis R. Martin, Craig L. Austin and R.L. House, San Antonio, for appellees.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This cause of action was initiated by a subcontractor who sought to recover damages for breach of contract and on quantum meruit. The jury answered the seven special issues favorably to appellant, and awarded damages for both breach of contract and quantum meruit. Subsequently, the trial court, on motion by appellees, rendered judgment non obstante veredicto.

The record evidence established that Allen Construction, Inc. contracted with the Texas Department of Highways and Public Transportation as general contractor on a highway construction project in Pecos County. Appellees, by subcontract with the general contractor, agreed to haul all flexible base (material composed of crushed rock mixtures) at a price of fifty-four cents per ton without regulation. It was further agreed that in the event the State should regulate the tonnage hauled, the hauling price per ton would be negotiated. Thereafter, appellant, by separate subcontract under the same terms and conditions, assumed appellees' obligations under the contract with the general contractor. The contract specifically allowed three move-ins by the subcontractor. The term "move-in" refers to the movement of men and equipment from one location to another as the project progresses.

The State did regulate the gross vehicle weights and appellees requested negotiation on the hauling price. Appellees contend that the general contractor instructed appellant to continue with the work and after completion to submit a statement to appellees on a just and fair price. Appellees did not pay for the alleged additional hauling. Appellant additionally claims to have furnished extra services consisting of extra man hours and truck usage totaling 103.5 hours plus five move-ins and move-outs not included in the contract.

Appellees' version of the facts is that they paid to appellant one hundred percent of all amounts paid by the general contractor for services rendered under the contract. Appellees assert that the general contractor, having received the benefits of the extra services rendered, is responsible for paying appellant on the new hauling price and additional work.

This court has previously held that a judgment non obstante veredicto will be sustained only if there is no evidence to support the jury findings on the special issues. *San Antonio Independent School District v. National Bank of Commerce,* 626 S.W.2d 794, 795 (Tex.App.—San Antonio 1981, no writ); *see also Douglass v. Panama, Inc.,* 504 S.W.2d 776, 777 (Tex. 1974). The standard of review for a judgment non obstante veredicto requires us to consider all the evidence favorable to the party against whom the judgment was granted; every reasonable intendment deducible from the evidence is to be indulged in such party's favor. *See Coffee v. F.W. Woolworth Co.,* 536 S.W.2d 539, 541 (Tex. 1976). In this context we review appellant's first two complaints that the trial court erred in refusing to enter a judgment based on the jury's verdict, and in granting appellant's motion non obstante veredicto.

It is undisputed that the contracted price to be paid appellant for hauling the flexible base material was fifty-four cents per ton without State regulation. The contract further provided that the hauling price per ton was to be negotiated, in the event that the State regulated the tonnage hauled by each truck. After appellant had partially performed under the contract, the State regulated the gross vehicle weights. The record reflects that Mrs. Patterson, appellant's wife and office worker, testified that

she talked to appellees and advised them that the State was now regulating the tonnage being hauled and requested the negotiation of a new hauling price. She stated that appellees instructed appellant to continue with the hauling and after completion to submit a fair and reasonable price. This evidence is not directly controverted. The following colloquy during the cross-examination of Mrs. Patterson by appellant is pertinent and relevant to this question:

Q: Instead you come into court with approximation based upon hourly rates when you're not paying hourly rates upon move-in, when move-ins are included in the price you gave them per ton; isn't that what you're doing?

A: As far as the lease trucker, yes.

Q: So, you really can't tell us what you were out over and above the contract, can you? What you actually paid out?

A: No, I can't tell you. I don't know.

Q: It's all an approximation, isn't it?

A: Yes.

We cannot accept appellees' contention that appellant cannot prevail in the absence of exact proof of actual damages. It is not necessary that damages be proven with mathematical exactness. All that is required is reasonable certainty as to the amount of damages. *Southwest Battery Corp. v. Owen,* 131 Tex. 423, 115 S.W.2d 1097, 1098 (Tex.1938). "Where there is proof, within the permissible range of certainty, that a right of a plaintiff has been invaded, he should not be denied a substantial recovery because of the difficulty in accurately measuring his damages." *Hindman v. Texas Lime Co.,* 157 Tex. 592, 305 S.W.2d 947, 953 (Tex.1957); *see Helfman Motors, Inc. v. Stockman,* 616 S.W.2d 394, 398–99 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.). Damages will not be disallowed merely because the amount thereof can be stated only approximately. *Hindman, supra; Grandview Farm Center, Inc. v. First State Bank,* 596 S.W.2d 190, 193 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.).

█ In the instant case there is factually sufficient evidence to support the special issue on damages caused by appellees' failure to pay the regulated price for hauling the flexible base material. It is undisputed that Mrs. Patterson testified as to the approximate amount of damages sustained by appellant. Her testimony was sufficient to establish a material fact issue as to damages for breach of contract. We, therefore, sustain the point of error in reference to the question on damages for breach of an express contract.

█ We now address appellant's complaint that he is entitled to payment on quantum meruit for extra work. Specifically, appellant argues that they furnished appellees with extra man hours and truck usage totaling 103.5 hours, plus five additional "move-ins" not included in the contract. Appellees do not contest this assertion, but claim they are not liable for the extra work since they received no benefit from appellant's extra work. In Texas, the right to recover in quantum meruit is independent of a claim on contract and is based upon a promise implied in law to pay for beneficial services rendered and knowingly accepted. *Davidson v. Clearman,* 391 S.W.2d 48, 50 (Tex.1965). As a rule, a party may recover in quantum meruit if the failure to pay for extra work results in an unjust enrichment to the party that benefited from the work. *University State Bank v. Gifford-Hill Concrete Corp.,* 431 S.W.2d 561, 574 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n.r.e.); *see also Colbert v. Dallas Joint Stock Land Bank,* 136 Tex. 268, 269, 150 S.W.2d 771, 773 (1941). In the instant case there is testimony that appellees turned over to appellant one hundred percent of all payments received from the general contractor. We cannot perceive of any resulting benefit that would unjustly enrich appellees. The point of error in reference to the award of damages in quantum meruit is overruled.

In view of our rulings on points of error one and two, we remand this case to the

trial court for a determination of appropriate attorney's fees.

The trial court's judgment n.o.v. is reversed and rendered as to damages awarded under the contract; it is affirmed as to the quantum meruit award for waiting time and move-ins.