In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00019-CV


______________________________




YURIAM MERCED RIVERA, Appellant



V.



ANNA L. WHITE, Appellee




 


On Appeal from the County Court at Law No. 2


Tarrant County, Texas


Trial Court No. 2005-033198-2




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Carter



O P I N I O N



 Yuriam Merced Rivera appeals from a summary judgment. She and Anna White were
involved in a car wreck. White sued Rivera. Rivera answered pro se, but did not respond to requests
for discovery. By court order, the unanswered requests for admissions, which involved the issues
of negligence and proximate cause, were deemed admitted. White filed a motion for summary
judgment, supported by affidavit. Rivera did not file a response. The court signed a summary
judgment in favor of White on August 31, 2006.

 Rivera filed a motion for new trial October 2, 2006, and a notice of appeal December 15,
2006. The appeal was transferred to this Court from the Fort Worth Court of Appeals by the Texas
Supreme Court as part of its docket equalization program.

 We first address White's contention that we have no jurisdiction over the appeal because the
notice of appeal was untimely filed. Using the dates set out above, the motion for new trial was due
to be filed within thirty days of the judgment: September 30, 2006. See Tex. R. App. P. 26.1. That
day was a Saturday. Thus, the weekend rule applies, as the next day that it could be filed was on
Monday, October 2, 2006. The motion for new trial was timely filed. See Tex. R. App. P. 4.1(a). 
The notice of appeal was therefore due within ninety days after the date the judgment was signed: 
November 29, 2006. A motion to extend time to file the notice of appeal was filed December 15,
2006, which would have been one day beyond the fifteen-day grace period provided by Tex. R. App.
P. 26.3. However, it is apparent from the record that the notice of appeal, and the motion to extend
time to file the notice of appeal, were both mailed December 14, 2006. Thus, the mailbox rule
applies, as they were timely mailed, and the filing was likewise timely. See Tex. R. App. P. 9.2(b). 
The Fort Worth Court of Appeals granted the motion to extend time to file the notice of appeal, and
under the state of this record, we will not revisit its determination. We have jurisdiction over the
appeal.

Summary Judgment Review

 We now turn to the issues raised by Rivera in the appeal. She first argues that the summary
judgment was improperly rendered because all of the damage awards--for the value of the destroyed
vehicle, past medical expenses, future medical expenses, mental anguish, and pain and suffering--
were neither liquidated nor admitted, and thus necessarily required evidentiary proof before a fact-finder. (1) Thus, Rivera generally argues that such damages may not be awarded in a summary
judgment. 

 White responds that, even though unliquidated damages cannot be recovered in a default
judgment without evidence of the damages, such recovery is not precluded by the use of the
summary judgment procedure. See Tex. R. Civ. P. 243. While it is true that the recovery of
unliquidated damages in a default judgment requires evidence of those damages, that does not
address the issue in this case. 

Pain and Suffering, Mental Anguish, and Future Medical Care Damages

 The only evidence, concerning damages, supporting the summary judgment is the affidavit
of White, which states: 

 My van was totaled and the fair market value of my van at the time it was
totaled with its special equipment was $8,000.00


 I received personal injuries which required medical care which to date have
cost me $2,155.00


 I will need additional medical care in the future. My back was injured and
will remain injured for the rest of my life according to my treating physicians. I
believe that the amount of future medical care will be $25,000.00 based on my
treating physicians [sic]statements.


 I suffered serious mental anguish because the van was the only means I had
to transport my mother who is an invalid to her medical appointments and to get her
to move to attempt to preserve her health. I believe my mental anguish damages are
$25,000.00


 I suffered serious pain and suffering which I believe is reasonably
compensated by $10,000.00


 I will continue to suffer pain and suffering because of my back into the
foreseeable future according to my physicians. I believe reasonable compensation
for this future pain and suffering is $25,000.00. 


 Definable and measurable damages, such as past medical bills and the value of damaged
property, may be recovered in a summary judgment proceeding, so long as adequately factually
proven. The underpinning of this concept is the concern of summary proceedings: that the issue at
bar can be proven as a matter of law--or that there is no genuine issue of material fact remaining to
be decided. See Tex. R. Civ. P. 166a(c); Browning v. Prostok, 165 S.W.3d 336, 344 (Tex. 2005). 
 Generally, unliquidated damages should not be awarded in summary judgment proceedings. 
The beginning point, as pointed out by the Austin Court of Appeals, is that summary judgment is
designed to eliminate patently unmeritorious claims or untenable defenses, not to deprive litigants
of a full hearing on the merits of a genuine issue of material fact. Newsom v. State, 922 S.W.2d 274,
281 (Tex. App.--Austin 1996, writ denied) (citing City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979)). To obtain summary judgment, a plaintiff must prove every element
of its cause of action as a matter of law, including damages. MMP, Ltd. v. Jones, 710 S.W.2d 59,
60 (Tex. 1986). (2) Summary judgment is rarely appropriate when the issue is inherently one for the
trier of fact to decide in cases involving unliquidated damages. Newsom, 922 S.W.2d at 281; State
v. Roberts, 882 S.W.2d 512, 514 (Tex. App.--Austin 1994, no writ). 

 This Court explicitly acknowledged that mental anguish and pain and suffering are types of
unliquidated damages and addressed the conceptual underpinnings for the award of damages for
these types of injuries in Dollison v. Hayes, 79 S.W.3d 246 (Tex. App.--Texarkana 2002, no pet.). 
In that opinion, we recognized that the process of awarding damages for amorphous, discretionary
injuries such as mental anguish or pain and suffering is inherently difficult because the alleged injury
is a subjective, unliquidated, nonpecuniary loss. Id. at 249; Brookshire Bros. v. Wagnon, 979
S.W.2d 343, 354 (Tex. App.--Tyler 1998, pet. denied); see Duron v. Merritt, 846 S.W.2d 23, 26
(Tex. App.--Corpus Christi 1992, no writ). The process is not readily susceptible to objective
analysis. Dawson v. Briggs, 107 S.W.3d 739, 750-51 (Tex. App.--Fort Worth 2003, no pet.);
LaCoure v. LaCoure, 820 S.W.2d 228, 234 (Tex. App.--El Paso 1991, writ denied). Because there
are no objective guidelines to assess the monetary equivalent to such injuries, the jury is given a great
deal of discretion in awarding an amount of damages it determines appropriate. Texarkana Mem'l
Hosp., Inc. v. Murdock, 946 S.W.2d 836, 841 (Tex. 1997); Hicks v. Ricardo, 834 S.W.2d 587, 591
(Tex. App.--Houston [1st Dist.] 1992, no writ).

 In this case, White did not testify about the severity or duration of her pain and suffering. 
She stated in a conclusory fashion she believed that her pain and suffering was worth a specific
dollar amount, but nothing else. 

 As to mental anguish, White's affidavit stated that her van was her only transportation for her
invalid mother and that she believed her mental anguish damages were in the amount of $25,000.00.

 By their nature, these are unliquidated damages. There is no way to determine the amount
as a matter of law--and even though Rule 166a(c) of the Texas Rules of Civil Procedure expressly
allows summary judgment based on uncontroverted testimonial evidence of an interested witness,
it is not a type of evidence that could have been readily controverted. See Tex. R. Civ. P. 166a(c).
The damages themselves are purely subjective--as are the dollar amounts that such damages might
be worth. Awards of this nature are based only on the perceptions of the injured party and a fact-finder's response to the severity of the claimed injury and to the victim's emotional and physical
reaction to that injury. This is necessarily correct, as no two people will have the same response,
either in physical or in mental or emotional pain, to the same situation. Thus, they do not lend
themselves to proof by affidavit--or to controversion by affidavit. As held in the cases set out
above, they are necessarily damage awards that a fact-finder must determine, because they are by
their very nature such amorphous determinations. As also set out above, summary judgments are
by definition only appropriate in situations where the issues can be proven as a matter of law. 
Further, subjective beliefs have been held to be nothing more than conclusions. Tex. Div.-Tranter,
Inc. v. Carrozza, 876 S.W.2d 312, 314 (Tex. 1994) (per curiam). Thus, they provide no facts that
can be memorialized by a judgment.

 Similarly,  future  medical  expenses  are  likewise  by  their  nature  unliquidated  damages. 
Cf. In re Vlasak, 141 S.W.3d 233, 238 (Tex. App.--San Antonio 2004, orig. proceeding) (default
judgment); Alvarado v. Reif, 783 S.W.2d 303, 304-05 (Tex. App.--Eastland 1989, no writ). Future
medical damages are a prediction of expenses that are reasonably probable to occur in the future. 
Pilgrim's Pride Corp. v. Smoak, 134 S.W.3d 880, 905-06 (Tex. App.--Texarkana 2004, pet.
denied).

 We, therefore, conclude that awards for pain and suffering, mental anguish, and future 
medical expenses are inappropriate for summary judgments--because they are unliquidated damages
that cannot be proven with the necessary degree of certainty for a summary disposition. 
Alternatively, we also recognize that the conclusory nature of the statements of the value of the
alleged unliquidated damages as set out in the affidavit provide no facts to support rendition of
summary judgment. On either basis, the summary judgment fails, and the portions of the judgment
involving unliquidated damages are reversed and remanded for further proceedings.

Past Medical Care, Property Damage, Attorney's Fees, Loss of Future Income

 Rivera also argues that White's affidavit is insufficient to provide proof of any of the types
of damages, because it contains hearsay, conclusory statements instead of facts, and contains expert
opinions that she was not qualified to give and were not shown to be based on personal knowledge. 

 White argues in response that we should take the statements in the affidavit as being adequate
proof not because of their content, but because any complaint about their adequacy has been waived
due to a failure to complain about their adequacy before the trial court. 

 Even though we have concluded as a matter of law that such awards are unavailable based
on the affidavit as to unliquidated damages, the other specified damages set out by the judgment
remain for review. (3) 

 Conclusory statements in affidavits are not proper as summary judgment proof if there are
no facts to support the conclusions. Ryland Group v. Hood, 924 S.W.2d 120, 122 (Tex. 1996)
(interested witness' affidavit which says affiant "estimates" or "believes" certain facts will not
support summary judgment). Conclusory statements in an affidavit unsupported by facts are
insufficient to support or defeat summary judgment. Wadewitz v. Montgomery, 951 S.W.2d 464, 466
(Tex. 1997). A conclusory statement is one that does not provide the underlying facts to support the
conclusion. James L. Gang & Assocs. v. Abbott Laboratories, Inc., 198 S.W.3d 434, 442 (Tex.
App.--Dallas 2006, no pet.); Rizkallah, 952 S.W.2d at 587. Further, conclusory statements in an
affidavit are described as being defects of substance that may be raised for the first time on appeal. 
Haynes v. City of Beaumont, 35 S.W.3d 166, 178 (Tex. App.--Texarkana 2000, no pet.).

 Rivera did not respond to the motion for summary judgment--thus, she raised no objections
to the affidavit. The traditional rule is that, if no objection is made, formal defects in
affidavits--such as the existence of hearsay within the affidavit, are waived. Haynes v. Haynes, 178
S.W.3d 350, 355 (Tex. App.--Houston [14th Dist.] 2005, pet. denied). Similarly, in the absence of
an objection, a contention that the affidavit does not show that the factual statements are based on
personal knowledge is waived. Rizkallah, 952 S.W.2d at 586; see Woods Exploration & Producing
Co. v. Arkla Equip. Co., 528 S.W.2d 568, 570 (Tex. 1975).

 However, as previously detailed, affidavits containing factual conclusions and subjective
beliefs that are not supported by evidence are defects in substance, and no objection is necessary to
preserve error. Rizkallah, 952 S.W.2d at 586; Harley-Davidson Motor Co. v. Young, 720 S.W.2d
211, 213 (Tex. App.--Houston [14th Dist.] 1986, no writ).

 No objection was made to the affidavit, and we thus look at the affidavit to determine if it
provides factual information that would allow entry of a summary judgment. Although all of White's
statements concerning the vehicle damage and medical care are to some degree conclusory, each
furnishes some factual information that could have been rebutted. The affidavit explained the extent
of the damage to her vehicle (totalled) and her evaluation of its fair market value, which an owner
may ordinarily state. See Redman Homes, Inc. v. Ivy, 920 S.W.2d 664, 669 (Tex. 1996). Further,
she testified she spent $2,155.00 for medical care received as a result of the accident. Each of these
statements presents factual information and could have been rebutted. Therefore, we find that they
are not merely conclusory, but contain enough underlying facts to support a summary judgment
award for property damage and past medical care. 

 Although the trial court awarded $2,500.00 for lost income, there is no pleading or summary
judgment evidence to support that award. Further, even if attorney's fees were available in a personal
injury lawsuit, there is also no evidence to support that award. 

 Thus, we affirm the summary judgment as to the proven damages of the value of the van and
medical expenses paid by White as a result of the accident. We reverse the judgment awarding
damages for all other elements and remand to the trial court.

 The judgment is affirmed in part, reversed in part, and remanded for further proceedings. 


 Jack Carter

 Justice


Date Submitted: July 2, 2007

Date Decided: September 5, 2007


1. Liability is not contested on appeal.
2. A lay person is competent to testify about his or her own pain and suffering. City of
Harlingen v. Vega, 951 S.W.2d 25, 29 (Tex. App.--Corpus Christi 1997, no writ); Ford v. Tex.
Dep't of Pub. Safety, 590 S.W.2d 786, 787 (Tex. Civ. App.--Houston [14th Dist.] 1979, writ ref'd
n.r.e.); Coca Cola Bottling Co. of Fort Worth v. McAlister, 256 S.W.2d 654, 656 (Tex. Civ.
App.--Fort Worth 1953, no writ). 
3. Because the party moving for traditional summary judgment carries the burden to establish
that no material fact issue exists and that it is entitled to judgment as a matter of law, "the nonmovant
has no burden to respond to a summary judgment motion unless the movant conclusively establishes
its cause of action or defense." M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23
(Tex. 2000); see also Rhône-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999) ("The trial
court may not grant summary judgment by default" for failure to file a response to a motion for
summary judgment "when the movant's summary judgment proof is legally insufficient."); Rizkallah
v. Conner, 952 S.W.2d 580, 582-83 (Tex. App.--Houston [1st Dist.] 1997, no writ) (holding that
lack of response by nonmovant "does not supply by default the summary judgment proof necessary
to establish the movant's right to summary judgment" and that nonmovant "is limited on appeal to
arguing the legal sufficiency of the grounds presented by movant") (citing McConnell v. Southside
Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993)).

A
defendant may not appeal the trial judge's determination to adjudicate an
original offense.  This denies a court
of appeals any jurisdiction to entertain or consider an appeal, on any grounds,
from the decision to adjudicate.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp.
2001); Connolly v. State, 983 S.W.2d 738, 740-41 (Tex. Crim. App. 1999);
Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).








This
is not an appeal from that determination. 
Rather, Whiteley contends that after adjudication the trial judge
refused to consider the full range of punishment that could be applied and that
the judge's failure to do so violated Whiteley's right to due process.  This contention is based on authority
holding that an arbitrary refusal to consider the entire range of punishment
constitutes a denial of due process.  See
McClenan v. State, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983); see also
Hull v. State, 29 S.W.3d 602, 604-05 (Tex. App.SHouston [1st Dist.] 2000,
pet. granted); Earley v. State, 855 S.W.2d 260, 262-63 (Tex. App.SCorpus Christi 1993), pet.
dism'd, improvidently granted, 872 S.W.2d 758 (Tex. Crim. App.
1994); Howard v. State, 830 S.W.2d 785, 787-88 (Tex. App.SSan Antonio 1992, pet.
ref'd); Jefferson v. State, 803 S.W.2d 470, 471-72 (Tex. App.SDallas 1991, pet. ref'd)
(all holding remarks indicating judge was delivering promised outcome showed
lack of impartial consideration of both relevant evidence and statutory
sentencing options); Fielding v. State, 719 S.W.2d 361, 368 (Tex. App.SDallas 1986, pet. ref'd)
(Guittard, C.J., dissenting).  In the
absence of a clear showing to the contrary, we are to presume the trial judge
was a neutral and detached officer.  Earley,
855 S.W.2d at 262.

Whiteley
maintains reversal is required because the judge assessed a
"promised" punishment.  He
points to the following comments by the trial judge, made immediately before
the imposition of deferred adjudication community supervision.

THE
COURT:      Now, you understand and I want
you to -- let's be clear, Mr. Whiteley, that you have to follow the terms of
this probation; that if you violate the terms of this probation, I'm going to
sentence you to prison for 20 years.  Do
you understand that?

 

THE DEFENDANT:          Yes,
sir.

THE
COURT:      With that understanding, you
still want me to accept the plea bargain and sign the Judgment?

 

THE DEFENDANT:          Yes,
sir.








The
initial question is whether the issue has been preserved for appellate review.
This Court reviewed a similar situation in Cole v. State, 757 S.W.2d 864
(Tex. App.STexarkana 1988, pet.
ref'd).[1]  In that case, the defendant claimed the trial
judge prejudged his sentence and failed to consider mitigating evidence.  We noted the defendant had been given the
opportunity to object, but failed to raise any objection to the punishment or
the procedures followed, either at the initial granting of deferred
adjudication or at the punishment hearing or sentencing.  We held that error was waived for failure to
voice an objection to the imposition of punishment or to the trial judge's
alleged failure to consider the evidence. 
Id. at 865-66 (trial judge wrote on docket sheet defendant would receive seventy‑five
years' imprisonment if he violated terms of deferred adjudication); see also
McClenan, 661 S.W.2d at 110. 
Appellate courts do not consider any error counsel could, but did not,
call to the trial judge's attention when the trial judge could have avoided or
corrected the error.  Cole, 757
S.W.2d at 866.

The
Dallas Court of Appeals has since agreed with our reasoning in a factually
similar case, likewise concluding that because there was no objection made to
the procedure or the punishment, the claim of error had been waived.  Cole v. State, 931 S.W.2d 578, 580
(Tex. App.SDallas 1995, pet. ref'd).








There
are cases in which appellate courts have concluded waiver was inapplicable, but
they involved situations where no punishment hearing was conducted, and thus
the defendant had no real opportunity to object.[2]  That is not our situation.  In this case, Whiteley did not object to the
trial judge's comments concerning a twenty-year sentence when he was initially
placed on deferred adjudication community supervision, nor did he object at the
sentencing phase of his revocation hearing when there was a clear opportunity
to do so.  Further, it is apparent from
the judge's initial soliloquy at the beginning of the punishment hearing he was
considering various options regarding Whiteley's incarceration or continuance
on community supervision and soliciting counsel's comments and suggestions
about a proper resolution.

In
light of these facts, we conclude the claim of error was not preserved for
appellate review.  Even if it had been,
the record does not show the trial judge had predetermined the sentence in this
case.  The contention of error is
overruled.      

We
affirm the judgment.

 

Donald R. Ross

Justice                                    

 








                                                         CONCURRING
OPINION

 

In
a deferred adjudication, the trial judge is bound by law to consider the entire
range of punishment.  When the trial
judge prejudges the sentence before the revocation, the judge has not provided
a consideration of the range of punishment as required by law.  This is a fundamental abuse of the system
that the Legislature has set up on deferred adjudications.  Such actions deny the defendant due process
when the trial judge refuses to consider the sentence made before hearing the
evidence on punishment.  Howard v.
State, 830 S.W.2d 785 (Tex. App.SSan Antonio 1992, pet. ref'd). 

I
strongly expressed my view of the trial judge's violation of the proper
procedure in this situation in the case of Cole v. State, 757 S.W.2d 864
(Tex. App.STexarkana 1988, pet. ref'd).








In
the present case, it is true that a defendant has an opportunity to seek
recusal of the trial judge before the revocation proceedings based on the trial
judge's statements at the time of granting the deferred adjudication.  Furthermore, the trial judge expressed a
willingness to consider different ranges of punishment at the time of the revocation
hearing.  The trial judge did sentence
the defendant to the maximum number of years the judge had predestined by
statements made at the time the defendant was granted the deferred
adjudication.  However, in light of the
fact that the judge heard and considered the evidence on punishment, and taking
into account his preliminary remarks at this hearing, there is no showing that
the judge did not consider the other ranges of punishment at the hearing.

I
would urge the Texas Court of Criminal Appeals to address this issue in terms
of clarifying that the law does not permit a court granting deferred
adjudication to announce the sentence before adjudication.  This is a matter that has not been addressed
by the Texas Court of Criminal Appeals. 
To allow such a procedure effectively denies the state, as well as the
defendant, the opportunity to have the punishment determined after the trial
judge has heard evidence from both sides in regard to punishment.

 

Ben Z. Grant

Justice

 

Date Submitted:        August 30, 2001

Date Decided:           October 19, 2001

 

Do Not Publish

 











[1]Chief Justice Cornelius wrote the
opinion, Justice Bleil concurred, and Justice Grant dissented.





[2]In Watson v. State, 884
S.W.2d 836, 838-39 (Tex. App.SEl Paso 1994), rev'd on other grounds, 924 S.W.2d 711 (Tex. Crim.
App. 1996), the court distinguished its case because the defendant had no
opportunity to object before sentence was pronounced.  It noted that although due process claims may be preserved in a
motion for new trial, it is not necessary to raise a point in a motion for new
trial in order to preserve the claim for review on appeal.

The Dallas
court, in Jefferson v. State, 803 S.W.2d 470, 472 (Tex. App.SDallas 1991, pet. ref'd), concluded
that a defendant could not complain that he needed to request relief (recusal
in that case) until after the judge had assessed punishment.  The court concluded the appellant did not
knowingly waive the right to a fair and unbiased tribunal.  The court also pointed out that until the
judge assesses punishment, the defendant is entitled to assume that the judge
will perform his or her solemn duty to assess punishment on consideration of
relevant evidence.  Id.  The court also stated that once the judge
assesses punishment based on factors such as his or her promised punishment
period, any recusal motion or objection would be futile.  Id.

The San Antonio court reviewed a similar situation, concluding there was
no indication the appellant had knowingly waived his right to a fair and
impartial forum and stating that the record did not disclose that a lesser
sentence than ninety-nine years was ever considered.  Howard v. State, 830 S.W.2d 785, 788-89 (Tex. App.SSan Antonio 1992, pet. ref'd).