In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00143-CV


______________________________




JACK DOLLISON, Appellant



V.



ALLEN WAYNE HAYES, Appellee




 


On Appeal from the County Court at Law


Gregg County, Texas


Trial Court No. 99-258-CC




 




Before Grant, Ross, and Cornelius,* JJ.


Opinion by Justice Ross


*William J. Cornelius, C.J., Retired, Sitting by Assignment



O P I N I O N



 Jack Dollison sued for injuries he sustained in a motor vehicle accident, alleging
negligence against Allen Wayne Hayes. The case was tried before a jury that found each
party fifty percent negligent and awarded Dollison damages for medical bills and lost
wages. The jury did not award any damages for pain and suffering, mental anguish, or
physical impairment. The court rendered judgment in accordance with the verdict. 
Dollison filed a motion for new trial, which was denied. 

 Presented for our review is whether a jury can award a plaintiff damages for 
medical expenses and lost wages while declining to award past and future pain and
suffering, mental anguish, or physical impairment. Under the facts of this case, we hold
that the judgment of the trial court, awarding specific but not general damages, was not
erroneous.

 On July 7, 1998, Dollison was employed by Gregg County and was driving a
front-end loader on Highway 349 near Kilgore. As Dollison was crossing a two-lane bridge,
a truck driven by Hayes skidded and struck the loader from the rear. Dollison testified that
the impact jolted him around a little bit in the seat. Other than knocking some paint loose,
the accident caused no damage to the loader. Hayes' truck, however, sustained
substantial damage.

 Following the accident, Dollison went to the emergency room complaining of low
back pain. X-rays were taken, he was given pain medication, and discharged. Three days
later, on July 10, Dollison went to see Michael Langford, M.D., an orthopedic surgeon. 
Langford reviewed Dollison's x-rays, noting they revealed mild arthritis but indicated no
injury related to the accident. Dollison was placed on a restricted work schedule with no
bending, squatting, or heavy lifting. He also received physical therapy for approximately
two months. Effective August 31, 1998, Dollison was released to work with no restrictions
and zero impairment. He has not seen Langford since that time. 

 Dollison contends the trial court erred in denying his motion for new trial. That
motion relied on the same six points of error now brought before this Court. All six points
of error challenge the jury's award of damages on legal and factual sufficiency grounds. 
Dollison argues it is reversible error when a jury verdict awards medical bills and lost
wages, but does not award 1) past pain and suffering, 2) future pain and suffering, 3) past
mental anguish, 4) future mental anguish, 5) past physical impairment, or 6) future physical
impairment, when the plaintiff introduces uncontroverted evidence to support them. A
challenge to a damages award for these types of unliquidated and intangible injuries is
reviewed as any other challenge based on the sufficiency of the evidence. Larson v.
Cactus Util. Co., 730 S.W.2d 640, 641 (Tex. 1987).

 When a party challenges the legal sufficiency of an adverse finding on an issue on
which it had the burden of proof, it must demonstrate the evidence conclusively established
all vital facts in support of the issue. Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690
(Tex. 1989). In reviewing such a legal sufficiency challenge, we must first examine the
record for evidence supporting the finding, while ignoring all evidence to the contrary. Id. 
If there is no evidence to support the finding, we must then examine the entire record to
determine if the contrary proposition is established as a matter of law. Id. 

 When the party having the burden of proof challenges the factual sufficiency of a
finding in the trial court, that party must show the fact-finder's finding was against the great
weight and preponderance of the evidence. Croucher v. Croucher, 660 S.W.2d 55, 58
(Tex. 1983). If a finding is against the great weight and preponderance of the evidence,
the inquiry is whether the finding is so contrary to the overwhelming weight of all relevant
evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986). We will not reverse the judgment simply because the court concludes the evidence
merely preponderates toward an answer more favorable to the appellant. Herbert v.
Herbert, 754 S.W.2d 141, 144 (Tex. 1988). We may only reverse where the great weight
of the evidence supports an answer contrary to that given by the jury. Id.

 The essence of Dollison's sufficiency argument is that he offered undisputed
evidence he was injured in the accident and was awarded some damages. He argues that
the jury's award of medical bills necessarily implies he also suffered mental and physical
pain, and the jury's award of lost wages necessarily implies he suffered past and future
impairment. Therefore, he argues, once the jury awarded compensation for his medical
expenses and lost wages, the jury had to also award some amount of general damages
in each category. To see why Dollison's argument fails, we must examine both the nature
of the proof offered and the nature of the damages sought.

 Dollison's points of error and underlying arguments regarding past and future pain
and suffering, as well as those regarding past and future mental anguish, all rely on the
same principles of law. Therefore, we shall jointly address points of error one through four.

 The process of awarding damages for amorphous, discretionary injuries such as
mental anguish or pain and suffering is inherently difficult because the alleged injury is a
subjective, unliquidated, nonpecuniary loss. Brookshire Bros. v. Wagnon, 979 S.W.2d 343,
354 (Tex. App.-Tyler 1998, pet. denied); see Duron v. Merritt, 846 S.W.2d 23, 26 (Tex.
App.-Corpus Christi 1992, no writ). The process is not readily susceptible to objective
analysis. LaCoure v. LaCoure, 820 S.W.2d 228, 234 (Tex. App.-El Paso 1991, writ
denied). Because there are no objective guidelines to assess the monetary equivalent to
such injuries, the jury is given a great deal of discretion in awarding an amount of damages
it determines appropriate. Texarkana Mem'l Hosp. v. Murdock, 946 S.W.2d 836, 841 (Tex.
1997); Hicks v. Ricardo, 834 S.W.2d 587, 591 (Tex. App.-Houston [1st Dist.] 1992, no
writ).

 The presence or absence of pain, either physical or mental, is an inherently
subjective question. Waltrip v. Bilbon Corp., 38 S.W.3d 873, 881 (Tex. App.-Beaumont
2001, pet. denied). In some instances, the injuries are so substantial and the symptoms
are so objective that an award of damages for pain and suffering is clearly supported. (1)
 In
these instances, the failure to award such damages while simultaneously awarding medical
expenses would be erroneous. In other cases, the objective indicia of injury are either less
obvious or entirely absent. The jury may deny such damages if the injuries sustained are
subjective in nature. See Blizzard v. Nationwide Mut. Fire Ins. Co., 756 S.W.2d 801, 805
(Tex. App.-Dallas 1988, no writ) (jury finding of no damages for pain and suffering not
improper where indicia of injury and damages more subjective than objective); McGuffin
v. Terrell, 732 S.W.2d 425, 427 (Tex. App.-Fort Worth 1987, no writ) (plaintiff properly
denied damages for past medical expenses and past pain and suffering where cumulative
evidence reflected no objective symptoms were discovered until substantial time period
after accident, no surgical procedure performed, and jury found injury sustained did not
require all the examinations and treatments received by plaintiff). 

 The more evidence of outward signs of pain, the less a finding of damages depends
on the claimant's own feelings and complaints. This principle was succinctly set out in
Dupree v. Blackmon, 481 S.W.2d 216 (Tex. Civ. App.-Beaumont 1972, writ ref'd n.r.e.):

 If the plaintiff has objective symptoms of injury . . . and there is readily
available testimony which the defendant could offer to refute such fact,
plaintiff's evidence cannot be disregarded by the jury when the defendant
fails to refute it. 


 On the other hand, if plaintiff's complaints are subjective in nature . . . which
the defendant may not readily dispute, then the negative answer of the jury
to the damage issue will not be disturbed when it rests upon the testimony
of the plaintiff alone.


Id. at 221 (Keith, J., concurring).

 Dollison argues the evidence of his injuries was uncontroverted and unrebutted. 
Therefore, he urges, the only permissible conclusion is that he must have experienced pain
as a result of the collision. As restated at oral argument, his position is that any objective
symptom of injury, without controverting testimony, automatically entitles a plaintiff to a
recovery for pain and suffering, as well as for mental anguish. The mere fact of injury,
however, does not prove compensable pain and suffering, nor does it demonstrate the
plaintiff suffered either mental anguish or impairment. See Blizzard, 756 S.W.2d at 805. 
Pain and suffering and mental anguish are separate elements of damage for which the
plaintiff bears the burden not only of production, but also of persuasion. 

 The only testimony regarding the extent of his injuries came from Dollison himself
and from Langford, the orthopedic surgeon. The general rule, as explained by the Texas
Supreme Court, is that opinion testimony, even when uncontroverted, does not necessarily
bind the jury.

 [T]he judgments and inferences of experts or skilled witnesses, even when
uncontroverted, are not conclusive on the jury or trier of fact, unless the
subject is one for experts or skilled witnesses alone, where the jury or court
cannot properly be assumed to have or be able to form correct opinions of
their own based upon evidence as a whole and aided by their own
experience and knowledge of the subject of inquiry. 

McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986) (citing Coxson v. Atlanta Life
Ins. Co., 142 Tex. 544, 179 S.W.2d 943, 945 (1944)). The presence or absence of pain,
based on the subjective complaints of an individual, is not a subject for experts or skilled
witnesses alone. See Waltrip, 38 S.W.3d at 882.

 The record contains the following objective evidence of pain. The emergency room
physician's evaluation mentions lower spinal muscle cramping. When asked to describe
his pain for the jury, Dollison stated, "I started hurting up on the left side of my back; and
then the next morning when I put my work boots on, I couldn't straighten back up." 
Dollison received a pain shot and later "some pain pills, which didn't work." Then the
following exchange took place during Dollison's direct examination:

 Q. During that month or so after the accident, were you hurting at
home? I mean, were you in pain?


 A. Yes, sir, yeah.


 Q. Was it still that sharp, shooting pain in the left side of your
back? (2)


 A. Yeah.


 Q. Anything else?


 A. No, just my back.


The record also contains Langford's reference to "tenderness . . . around the left paraspinal
muscular area," which Dollison described as an "achy-type pain." This evidence was
repeated in Langford's deposition testimony. Dollison's x-rays revealed no accident-related
injury, only the early signs of arthritis in his lower back. Dollison did not suffer any bruising
as a result of the accident. The orthopedic surgeon determined Dollison sustained a
lumbar sprain and strain. The recommended course of treatment included use of a heating
pad, pain medication, and physical therapy. "Trigger point" pain injections were also
prescribed, but Dollison refused this treatment. Langford also recommended modified
work duty to avoid lifting, squatting, or stooping. Dollison did not return to work with Gregg
County while on modified work duty. During this time, he worked instead at his brother's
transmission business, answering telephones and running errands. On August 27,
Langford released Dollison to return to work with no restrictions and zero impairment. 
When asked, Langford declined to state an opinion about whether Dollison would have
future pain, and he would not comment on the possibility of any potential future medical
care related to this injury. Further, Dollison's testimony was not entirely consistent about
the locus of his pain. He testified his back pain was on his left, then on his right, then on
his left again. When asked if he had any continuing pain during the year after the accident,
Dollison answered, "Not unless I drove a whole lot. Like if I went to Dallas or something
. . . ."

 We recognize that muscle cramps and spasms can be potentially painful. We also
recognize, however, that severe compensable pain does not automatically accompany a
muscle cramp or spasm in the same way that such pain accompanies a concussion or
broken bone. The jury had to rely on Dollison's testimony regarding the pain associated
with his injury and its own evaluation of his credibility as a witness. The jury was free to
reject the testimony of both Dollison and his doctor as to the existence, amount, or severity
of his pain.

 Dollison cites several cases which, he argues, stand for the proposition that some
injuries carry with them a presumption of pain and suffering, as well as mental anguish. 
He first directs us to Robinson v. Minick, 755 S.W.2d 890 (Tex. App.-Houston [1st Dist.]
1988, writ denied). There the jury awarded damages for past pain and mental anguish,
loss of past earnings, past medical expenses, past physical disfigurement, and loss of
future earning capacity. The jury, however, failed to award damages for past physical
impairment and future physical impairment. In reviewing the jury's findings, the Robinson
court found the $0 damage award for past physical impairment was against the great
weight and preponderance of the evidence, but upheld the $0 damage award for future
physical impairment because it found the evidence on that element to be speculative. The
Robinson court characterized the facial fractures, surgery, and lengthy hospitalization as
being objective, undisputed evidence of injury and "indications of past physical impairment"
that were "independently proved, and did not rely upon appellant's credibility." Id. at 893. 
In Gallegos, several children sustained various injuries including lacerations, bruises,
muscle spasm, and fracture. Gallegos v. Clegg, 417 S.W.2d 347, 357 (Tex. Civ.
App.-Corpus Christi 1967, writ ref'd n.r.e.). One of the children was hospitalized for five
days. Id. at 355. Dollison's injuries, however, were neither so objectively nor so
extensively supported by evidence.

 In Del Carmen Alarcon v. Circe, 704 S.W.2d 520 (Tex. App.-Corpus Christi 1986,
no writ), the jury answered each liability question in the appellant's favor and awarded
medical bills and lost wages. Id. at 521. The jury failed to award damages for physical
pain or mental anguish. Id. All of the medical experts made medical diagnoses with
indications of physical pain, including concussion, reverse curvature of the spine, and
cervical and lumbar sprain. The court held the jury's failure to award damages for physical
pain or mental anguish was error. Id. (citing Brown v. Vanderveer, 460 S.W.2d 502, 506
(Tex. Civ. App.-Austin 1970, no writ); Gallegos, 417 S.W.2d at 356). Langford did not
express an opinion about the degree of pain Dollison may have suffered and expressly
refused to speculate about the possibility of future pain. Dollison suffered no concussion,
no bruising, and refused pain shots. He described his pain as merely "achy."

 In Brown, 460 S.W.2d at 506, the court stated,

 We believe it very far fetched to conclude that Mrs. Brown, shown to be a
vigorous, healthy, hardworking woman before the accident would consult
doctors time after time for more than a year, incurring large medical, hospital
and drug bills, wear a neck brace, lose one hundred days from work and
poorly perform her job unless she was suffering discomfort and pain.

 

Dollison, however, admitted he was getting older and showing signs of arthritis (which
could account for his "achy" pain). He missed only one and one-half months' work, and
even worked at his brother's business during that time. Since returning to work, he has
suffered no continuing pain and has not required additional medical treatment.

 To the extent the cases to which Dollison refers purport to state that it is error to
award damages for medical expenses without simultaneously awarding damages for pain
and suffering, we disagree. The mere fact of injury does not prove compensable pain and
suffering, nor does it demonstrate Dollison suffered compensable mental anguish. See
Blizzard, 756 S.W.2d at 805. As this Court has long recognized, the jury could reasonably
have believed that Dollison should be fairly compensated for seeking medical care related
to the accident and for wages not paid while he was on medical leave, but that he suffered
no physical or mental injury warranting a monetary award. See Armstead v. Harvey, 390
S.W.2d 871, 872 (Tex. Civ. App.-Texarkana 1965, no writ). The jury was capable of
determining the "truth" from the evidence as a whole with regard to the lack of any physical
pain and mental anguish suffered by Dollison. We hold that the mere fact of injury alone,
without more, is insufficient to establish any right to recover otherwise unproven pain and
suffering or mental anguish damages.

 In this case, Dollison's own testimony and exhibits provided an alternate explanation
for his back pain. His x-rays revealed lesions symptomatic of arthritis in his lower back. 
This fact, combined with advancing age, (3) could also account for Dollison's "achy-type"
pain. There appears to be no evidence whatsoever of mental anguish, and Dollison has
not directed the Court to any testimony on that issue. We cannot say that the jury's award
of $0 for past and future physical pain and mental anguish was so against the great weight
and preponderance of the evidence as to be manifestly wrong and unjust. Points of error
one through four are overruled. 

 Physical impairment is an element of damages that extends beyond loss of earning
capacity and beyond any pain and suffering, to the extent that it produces a separate loss
that is substantial or extremely disabling. Blankenship v. Mirick, 984 S.W.2d 771, 777
(Tex. App.-Waco 1999, pet. denied). Therefore, even proof that one is entitled to
compensatory damages for pain and suffering, or for lost wages, does not automatically
entitle one to compensation for physical impairment. The party claiming such damages
bears the burden of proving a compensable injury.

 The evidence showed Dollison did not return to his regular job with Gregg County
while completing his prescribed course of physical therapy. During this time, Dollison
worked at his brother's transmission business. On August 27, Langford released Dollison
to return to work with no restrictions and zero impairment. In light of this evidence, it was
not improper for the jury to determine that the fact Dollison did not work for his regular
employer entitled him to lost wages. Because he did other work during this time, it was not
error for the jury to determine Dollison suffered no compensable physical impairment. See
Landacre v. Armstrong Bldg. Maint. Co., 725 S.W.2d 323, 325 (Tex. App.-Corpus Christi
1986, writ ref'd n.r.e.) (jury properly denied damages for past physical impairment where
plaintiff testified she was permitted to return to work without restrictions from her physician,
she returned to her other activities, she was able to participate in her former hobbies, and
she was able to do everything she could before her accident despite her injury). With
respect to future impairment, Dollison's own doctor testified he was released for full duty
with neither restrictions nor impairment. Here, the evidence is conclusive, and it is contrary
to Dollison's position on appeal. 

 We cannot say the jury's award of $0 for past and future physical impairment was
so against the great weight and preponderance of the evidence as to be manifestly wrong
and unjust. Points of error five and six are overruled. 

 At oral argument, Dollison also argued that the jury's award of $0 indicates the jurors
improperly failed to consider evidence related to pain and suffering, mental anguish, and
impairment. We disagree. Question three of the jury instructions divided the damages
issue into eight distinct parts: 

 1) Physical pain in the past;

 2) Physical pain that in reasonable probability will be sustained in the future;

 3) Mental anguish in the past;

 4) Mental anguish that in reasonable probability will be sustained in the future;

 5) Medical care in the past;

 6) Loss of earning capacity in the past;

 7) Physical impairment in the past;

 8) Physical impairment that in reasonable probability will be sustained in the future.


The jury filled in zeros for each part except medical care in the past and loss of earning
capacity in the past. The jury form was signed by the presiding juror and indicated a
unanimous decision. We believe that, by affirmatively entering zero as an amount, the jury
demonstrated it considered each element of damages and rejected Dollison's proof with
respect to all but two of those elements.

 We affirm the judgment of the trial court.



 Donald R. Ross

 Justice


Date Submitted: May 16, 2002

Date Decided: June 12, 2002


Publish

1. Examples of objective evidence of injury supporting an award of damages for pain
and suffering include:


 organic brain syndrome and nerve damage (Cornelison v. Aggregate Haulers, Inc.,
777 S.W.2d 542 (Tex. App.-Fort Worth 1989, writ denied));


 linear fracture of the foot (Russell v. Hankerson, 771 S.W.2d 650 (Tex.
App.-Corpus Christi 1989, writ denied));


 broken hip (Johnson v. Tom Thumb Stores, Inc., 771 S.W.2d 582 (Tex. App.-Dallas
1989, writ denied));


 severe electrical burns (Loyd Elec. Co. v. Millett, 767 S.W.2d 476 (Tex.
App.-San Antonio 1989, no writ));


 skull and facial fractures, accompanied by the dripping of spinal fluid from the nose
(Robinson v. Minick, 755 S.W.2d 890 (Tex. App.-Houston [1st Dist.] 1988, writ
denied));


 cut (Porter v. Gen. Tel. Co., 736 S.W.2d 204 (Tex. App.-Corpus Christi 1987, no
writ));


 lacerations, tendinitis, and torn muscles requiring surgery (Crowe v. Gulf Packing
Co., 716 S.W.2d 623 (Tex. App.-Corpus Christi 1986, no writ));


 reverse curvature of the spine, concussion, and lumbar sprains (Del Carmen
Alarcon v. Circe, 704 S.W.2d 520, 521 (Tex. App.-Corpus Christi 1986, no writ));
and


 broken ankle requiring full cast (Fuller v. Flanagan, 468 S.W.2d 171 (Tex. Civ.
App.-Fort Worth 1971, writ ref'd n.r.e.)).

2. There was no prior testimony about a sharp, shooting pain in the left side of
Dollison's back.
3. Dollison testified that he was bothered about not being able to lift as much as he
used to, but that, as he aged, there were things he could not do.