In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00220-CR


______________________________




NICHOLAS DURAN BALLARD, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 28,413-B




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Nicholas Duran Ballard pled guilty to a charge of aggravated kidnapping and was
placed on deferred adjudication community supervision for ten years, with one year of
intensive supervision. After a finding of three violations, Ballard's community supervision
was revoked, and he was sentenced to fifty years' imprisonment.

 The State contends this Court does not have jurisdiction to consider the merits of
Ballard's appeal. A defendant who pleads guilty or nolo contendere pursuant to a plea
agreement and is sentenced in accordance with that agreement must comply with the
notice provisions of Rule 25.2(b)(3) to perfect an appeal. Tex. R. App. P. 25.2(b)(3);
Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002); Cooper v. State, 45 S.W.3d
77, 78-79 (Tex. Crim. App. 2001). To comply with Rule 25.2(b)(3), the notice of appeal
must specify the appeal is for a jurisdictional defect. Tex. R. App. P. 25.2(b)(3). Ballard
filed a general notice of appeal and did not specify the appeal was for a jurisdictional
defect. The State is correct. We do not have jurisdiction to hear Ballard's appeal on the
merits because Ballard's notice of appeal did not comply with Rule 25.2(b)(3).


 The appeal is dismissed for want of jurisdiction.



 Donald R. Ross

 Justice


Date Submitted: August 21, 2002

Date Decided: August 22, 2002


Do Not Publish



ra filed a motion for new trial October 2, 2006, and a notice of appeal December 15,
2006. The appeal was transferred to this Court from the Fort Worth Court of Appeals by the Texas
Supreme Court as part of its docket equalization program.

 We first address White's contention that we have no jurisdiction over the appeal because the
notice of appeal was untimely filed. Using the dates set out above, the motion for new trial was due
to be filed within thirty days of the judgment: September 30, 2006. See Tex. R. App. P. 26.1. That
day was a Saturday. Thus, the weekend rule applies, as the next day that it could be filed was on
Monday, October 2, 2006. The motion for new trial was timely filed. See Tex. R. App. P. 4.1(a). 
The notice of appeal was therefore due within ninety days after the date the judgment was signed: 
November 29, 2006. A motion to extend time to file the notice of appeal was filed December 15,
2006, which would have been one day beyond the fifteen-day grace period provided by Tex. R. App.
P. 26.3. However, it is apparent from the record that the notice of appeal, and the motion to extend
time to file the notice of appeal, were both mailed December 14, 2006. Thus, the mailbox rule
applies, as they were timely mailed, and the filing was likewise timely. See Tex. R. App. P. 9.2(b). 
The Fort Worth Court of Appeals granted the motion to extend time to file the notice of appeal, and
under the state of this record, we will not revisit its determination. We have jurisdiction over the
appeal.

Summary Judgment Review

 We now turn to the issues raised by Rivera in the appeal. She first argues that the summary
judgment was improperly rendered because all of the damage awards--for the value of the destroyed
vehicle, past medical expenses, future medical expenses, mental anguish, and pain and suffering--
were neither liquidated nor admitted, and thus necessarily required evidentiary proof before a fact-finder. (1) Thus, Rivera generally argues that such damages may not be awarded in a summary
judgment. 

 White responds that, even though unliquidated damages cannot be recovered in a default
judgment without evidence of the damages, such recovery is not precluded by the use of the
summary judgment procedure. See Tex. R. Civ. P. 243. While it is true that the recovery of
unliquidated damages in a default judgment requires evidence of those damages, that does not
address the issue in this case. 

Pain and Suffering, Mental Anguish, and Future Medical Care Damages

 The only evidence, concerning damages, supporting the summary judgment is the affidavit
of White, which states: 

 My van was totaled and the fair market value of my van at the time it was
totaled with its special equipment was $8,000.00


 I received personal injuries which required medical care which to date have
cost me $2,155.00


 I will need additional medical care in the future. My back was injured and
will remain injured for the rest of my life according to my treating physicians. I
believe that the amount of future medical care will be $25,000.00 based on my
treating physicians [sic]statements.


 I suffered serious mental anguish because the van was the only means I had
to transport my mother who is an invalid to her medical appointments and to get her
to move to attempt to preserve her health. I believe my mental anguish damages are
$25,000.00


 I suffered serious pain and suffering which I believe is reasonably
compensated by $10,000.00


 I will continue to suffer pain and suffering because of my back into the
foreseeable future according to my physicians. I believe reasonable compensation
for this future pain and suffering is $25,000.00. 


 Definable and measurable damages, such as past medical bills and the value of damaged
property, may be recovered in a summary judgment proceeding, so long as adequately factually
proven. The underpinning of this concept is the concern of summary proceedings: that the issue at
bar can be proven as a matter of law--or that there is no genuine issue of material fact remaining to
be decided. See Tex. R. Civ. P. 166a(c); Browning v. Prostok, 165 S.W.3d 336, 344 (Tex. 2005). 
 Generally, unliquidated damages should not be awarded in summary judgment proceedings. 
The beginning point, as pointed out by the Austin Court of Appeals, is that summary judgment is
designed to eliminate patently unmeritorious claims or untenable defenses, not to deprive litigants
of a full hearing on the merits of a genuine issue of material fact. Newsom v. State, 922 S.W.2d 274,
281 (Tex. App.--Austin 1996, writ denied) (citing City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979)). To obtain summary judgment, a plaintiff must prove every element
of its cause of action as a matter of law, including damages. MMP, Ltd. v. Jones, 710 S.W.2d 59,
60 (Tex. 1986). (2) Summary judgment is rarely appropriate when the issue is inherently one for the
trier of fact to decide in cases involving unliquidated damages. Newsom, 922 S.W.2d at 281; State
v. Roberts, 882 S.W.2d 512, 514 (Tex. App.--Austin 1994, no writ). 

 This Court explicitly acknowledged that mental anguish and pain and suffering are types of
unliquidated damages and addressed the conceptual underpinnings for the award of damages for
these types of injuries in Dollison v. Hayes, 79 S.W.3d 246 (Tex. App.--Texarkana 2002, no pet.). 
In that opinion, we recognized that the process of awarding damages for amorphous, discretionary
injuries such as mental anguish or pain and suffering is inherently difficult because the alleged injury
is a subjective, unliquidated, nonpecuniary loss. Id. at 249; Brookshire Bros. v. Wagnon, 979
S.W.2d 343, 354 (Tex. App.--Tyler 1998, pet. denied); see Duron v. Merritt, 846 S.W.2d 23, 26
(Tex. App.--Corpus Christi 1992, no writ). The process is not readily susceptible to objective
analysis. Dawson v. Briggs, 107 S.W.3d 739, 750-51 (Tex. App.--Fort Worth 2003, no pet.);
LaCoure v. LaCoure, 820 S.W.2d 228, 234 (Tex. App.--El Paso 1991, writ denied). Because there
are no objective guidelines to assess the monetary equivalent to such injuries, the jury is given a great
deal of discretion in awarding an amount of damages it determines appropriate. Texarkana Mem'l
Hosp., Inc. v. Murdock, 946 S.W.2d 836, 841 (Tex. 1997); Hicks v. Ricardo, 834 S.W.2d 587, 591
(Tex. App.--Houston [1st Dist.] 1992, no writ).

 In this case, White did not testify about the severity or duration of her pain and suffering. 
She stated in a conclusory fashion she believed that her pain and suffering was worth a specific
dollar amount, but nothing else. 

 As to mental anguish, White's affidavit stated that her van was her only transportation for her
invalid mother and that she believed her mental anguish damages were in the amount of $25,000.00.

 By their nature, these are unliquidated damages. There is no way to determine the amount
as a matter of law--and even though Rule 166a(c) of the Texas Rules of Civil Procedure expressly
allows summary judgment based on uncontroverted testimonial evidence of an interested witness,
it is not a type of evidence that could have been readily controverted. See Tex. R. Civ. P. 166a(c).
The damages themselves are purely subjective--as are the dollar amounts that such damages might
be worth. Awards of this nature are based only on the perceptions of the injured party and a fact-finder's response to the severity of the claimed injury and to the victim's emotional and physical
reaction to that injury. This is necessarily correct, as no two people will have the same response,
either in physical or in mental or emotional pain, to the same situation. Thus, they do not lend
themselves to proof by affidavit--or to controversion by affidavit. As held in the cases set out
above, they are necessarily damage awards that a fact-finder must determine, because they are by
their very nature such amorphous determinations. As also set out above, summary judgments are
by definition only appropriate in situations where the issues can be proven as a matter of law. 
Further, subjective beliefs have been held to be nothing more than conclusions. Tex. Div.-Tranter,
Inc. v. Carrozza, 876 S.W.2d 312, 314 (Tex. 1994) (per curiam). Thus, they provide no facts that
can be memorialized by a judgment.

 Similarly,  future  medical  expenses  are  likewise  by  their  nature  unliquidated  damages. 
Cf. In re Vlasak, 141 S.W.3d 233, 238 (Tex. App.--San Antonio 2004, orig. proceeding) (default
judgment); Alvarado v. Reif, 783 S.W.2d 303, 304-05 (Tex. App.--Eastland 1989, no writ). Future
medical damages are a prediction of expenses that are reasonably probable to occur in the future. 
Pilgrim's Pride Corp. v. Smoak, 134 S.W.3d 880, 905-06 (Tex. App.--Texarkana 2004, pet.
denied).

 We, therefore, conclude that awards for pain and suffering, mental anguish, and future 
medical expenses are inappropriate for summary judgments--because they are unliquidated damages
that cannot be proven with the necessary degree of certainty for a summary disposition. 
Alternatively, we also recognize that the conclusory nature of the statements of the value of the
alleged unliquidated damages as set out in the affidavit provide no facts to support rendition of
summary judgment. On either basis, the summary judgment fails, and the portions of the judgment
involving unliquidated damages are reversed and remanded for further proceedings.

Past Medical Care, Property Damage, Attorney's Fees, Loss of Future Income

 Rivera also argues that White's affidavit is insufficient to provide proof of any of the types
of damages, because it contains hearsay, conclusory statements instead of facts, and contains expert
opinions that she was not qualified to give and were not shown to be based on personal knowledge. 

 White argues in response that we should take the statements in the affidavit as being adequate
proof not because of their content, but because any complaint about their adequacy has been waived
due to a failure to complain about their adequacy before the trial court. 

 Even though we have concluded as a matter of law that such awards are unavailable based
on the affidavit as to unliquidated damages, the other specified damages set out by the judgment
remain for review. (3) 

 Conclusory statements in affidavits are not proper as summary judgment proof if there are
no facts to support the conclusions. Ryland Group v. Hood, 924 S.W.2d 120, 122 (Tex. 1996)
(interested witness' affidavit which says affiant "estimates" or "believes" certain facts will not
support summary judgment). Conclusory statements in an affidavit unsupported by facts are
insufficient to support or defeat summary judgment. Wadewitz v. Montgomery, 951 S.W.2d 464, 466
(Tex. 1997). A conclusory statement is one that does not provide the underlying facts to support the
conclusion. James L. Gang & Assocs. v. Abbott Laboratories, Inc., 198 S.W.3d 434, 442 (Tex.
App.--Dallas 2006, no pet.); Rizkallah, 952 S.W.2d at 587. Further, conclusory statements in an
affidavit are described as being defects of substance that may be raised for the first time on appeal. 
Haynes v. City of Beaumont, 35 S.W.3d 166, 178 (Tex. App.--Texarkana 2000, no pet.).

 Rivera did not respond to the motion for summary judgment--thus, she raised no objections
to the affidavit. The traditional rule is that, if no objection is made, formal defects in
affidavits--such as the existence of hearsay within the affidavit, are waived. Haynes v. Haynes, 178
S.W.3d 350, 355 (Tex. App.--Houston [14th Dist.] 2005, pet. denied). Similarly, in the absence of
an objection, a contention that the affidavit does not show that the factual statements are based on
personal knowledge is waived. Rizkallah, 952 S.W.2d at 586; see Woods Exploration & Producing
Co. v. Arkla Equip. Co., 528 S.W.2d 568, 570 (Tex. 1975).

 However, as previously detailed, affidavits containing factual conclusions and subjective
beliefs that are not supported by evidence are defects in substance, and no objection is necessary to
preserve error. Rizkallah, 952 S.W.2d at 586; Harley-Davidson Motor Co. v. Young, 720 S.W.2d
211, 213 (Tex. App.--Houston [14th Dist.] 1986, no writ).

 No objection was made to the affidavit, and we thus look at the affidavit to determine if it
provides factual information that would allow entry of a summary judgment. Although all of White's
statements concerning the vehicle damage and medical care are to some degree conclusory, each
furnishes some factual information that could have been rebutted. The affidavit explained the extent
of the damage to her vehicle (totalled) and her evaluation of its fair market value, which an owner
may ordinarily state. See Redman Homes, Inc. v. Ivy, 920 S.W.2d 664, 669 (Tex. 1996). Further,
she testified she spent $2,155.00 for medical care received as a result of the accident. Each of these
statements presents factual information and could have been rebutted. Therefore, we find that they
are not merely conclusory, but contain enough underlying facts to support a summary judgment
award for property damage and past medical care. 

 Although the trial court awarded $2,500.00 for lost income, there is no pleading or summary
judgment evidence to support that award. Further, even if attorney's fees were available in a personal
injury lawsuit, there is also no evidence to support that award. 

 Thus, we affirm the summary judgment as to the proven damages of the value of the van and
medical expenses paid by White as a result of the accident. We reverse the judgment awarding
damages for all other elements and remand to the trial court.

 The judgment is affirmed in part, reversed in part, and remanded for further proceedings. 


 Jack Carter

 Justice


Date Submitted: July 2, 2007

Date Decided: September 5, 2007


1. Liability is not contested on appeal.
2. A lay person is competent to testify about his or her own pain and suffering. City of
Harlingen v. Vega, 951 S.W.2d 25, 29 (Tex. App.--Corpus Christi 1997, no writ); Ford v. Tex.
Dep't of Pub. Safety, 590 S.W.2d 786, 787 (Tex. Civ. App.--Houston [14th Dist.] 1979, writ ref'd
n.r.e.); Coca Cola Bottling Co. of Fort Worth v. McAlister, 256 S.W.2d 654, 656 (Tex. Civ.
App.--Fort Worth 1953, no writ). 
3. Because the party moving for traditional summary judgment carries the burden to establish
that no material fact issue exists and that it is entitled to judgment as a matter of law, "the nonmovant
has no burden to respond to a summary judgment motion unless the movant conclusively establishes
its cause of action or defense." M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23
(Tex. 2000); see also Rhône-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999) ("The trial
court may not grant summary judgment by default" for failure to file a response to a motion for
summary judgment "when the movant's summary judgment proof is legally insufficient."); Rizkallah
v. Conner, 952 S.W.2d 580, 582-83 (Tex. App.--Houston [1st Dist.] 1997, no writ) (holding that
lack of response by nonmovant "does not supply by default the summary judgment proof necessary
to establish the movant's right to summary judgment" and that nonmovant "is limited on appeal to
arguing the legal sufficiency of the grounds presented by movant") (citing McConnell v. Southside
Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993)).