In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00085-CV
______________________________


JAMES G. CONLEY, SR., Appellant
Â 
V.
Â 
GIANNA DRIVER, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 71st Judicial District Court
 Harrison County, Texas
Trial Court No. 01-0416


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â The twelve- or thirteen-year-old Gianna Driver thought her stepfather, James G. Conley, Sr.,
was going to be the father she had never really had. He encouraged her to excel and told her he
loved her. But he began initiating sexual contact with her when she was thirteen or fourteen years
old, and the sexual abuse continued for approximately three years. Then, after Driver had ended the
three years of sexual encounters and had told her mother and others of the sexual abuse by her
stepfather, Conley told Driver that he hated her, that she had ruined his life and his marriage, and that
he would do everything in his power to ruin her life, including making copies of videotapes he had
surreptitiously made of some of their sexual encounters and sending them to Driver's mother,
boyfriend, family, and school.


 
Â Â Â Â Â Â Â Â Â Â Â Â Instead of fulfilling his threat, Conley sued Driver for defamation. Driver counterclaimed
for assault and intentional infliction of emotional distress. Finding for Driver, the jury found that
Driver should recover $150,000.00 in damages for assault and $150,000.00 in damages for
intentional infliction of emotional distress. We affirm the judgment because (1) sufficient evidence
supports the assault damages, (2) sufficient evidence supports the damages for intentional infliction
of emotional distress, and (3) there was no error in awarding damages for both.
Â 
Â 
(1)Â Â Â Â Â Â Â Sufficient Evidence Supports the Assault Damages
Â Â Â Â Â Â Â Â Â Â Â Â When reviewing the legal sufficiency of the evidence to support facts found at trial, we will
not set aside the judgment if there is any evidence of a probative nature to support it. Ray v.
Farmers' State Bank, 576 S.W.2d 607, 609 (Tex. 1979). An appellate court cannot substitute its own
findings of fact for those of the trial court if there is any evidence in the record to sustain the trial
court's findings. Id.
Â Â Â Â Â Â Â Â Â Â Â Â In reviewing the trial court's findings for factual sufficiency, we consider all the evidence in
the record, including any contrary to the trial court's judgment. Plas-Tex, Inc. v. U.S. Steel Corp.,
772 S.W.2d 442, 445 (Tex. 1989). The trial court's findings may be overturned only if they are so
against the great weight and preponderance of the evidence as to be clearly wrong and unjust. Cain
v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).
Â Â Â Â Â Â Â Â Â Â Â Â There is no set formula for finding the value that should be awarded for enduring physical
pain and mental anguish. The process of awarding damages for amorphous, discretionary injuries
such as mental anguish or pain and suffering is inherently difficult because the alleged injury is a
subjective, unliquidated, nonpecuniary loss. Dollison v. Hayes, 79 S.W.3d 246, 249 (Tex.
App.âTexarkana 2002, no pet.). Because personal injury damages are unliquidated and are not
capable of measurement by any certain standard, the jury has large discretion in fixing the amount
of the award. SunBridge Healthcare Corp. v. Penny, 160 S.W.3d 230, 248 (Tex. App.âTexarkana
2005, no pet.) (citing Texarkana Mem'l Hosp., Inc. v. Murdock, 946 S.W.2d 836, 841 (Tex. 1997));
Dollison, 79 S.W.3d at 249; Phillips Petroleum Co. v. Burkett, 337 S.W.2d 856 (Tex. Civ.
App.âFort Worth 1960, writ ref'd n.r.e.). The measure of damages is a matter of opinion of the fact-finder, and courts in most instances have been reluctant to disturb the findings of a trial court or jury
on such matters when there is any evidence to support the findings. George C. Vaughan & Sons v.
Dyess, 323 S.W.2d 261 (Tex. Civ. App.âTexarkana 1959, writ dism'd); see also Baylor Med. Plaza
Servs. Corp. v. Kidd, 834 S.W.2d 69, 78 (Tex. App.âTexarkana 1992, writ denied); Exxon Corp.
v. Roberts, 724 S.W.2d 863 (Tex. App.âTexarkana 1986, writ ref'd n.r.e.). 
Â Â Â Â Â Â Â Â Â Â Â Â Conley's first point of error charges the evidence was legally and factually insufficient to
sustain the jury's award of damages for assault.


 Conley concedes the sufficiency of the evidence
to support a finding of assault, and challenges only the sufficiency of the evidence to support the
damages for assault. Conley argues that Driver did not present evidence of mental anguish, and thus,
there was no evidence to support the jury's award of damages.
Â Â Â Â Â Â Â Â Â Â Â Â Driver gave detailed and copious testimony. Driver testified that the first physical contact
which she regarded as inappropriate involved Conley coming up from behind her in the kitchen of
their home, hugging her, and rubbing her stomach; his hand gradually going "south" beneath her
underwear. She also testified that Conley forced her to engage in sexual intercourse with him, that
it was very painful, and that he inserted his finger in her anus. She testified it was common for the
two to go to a Sonic restaurant, and on the way for Driver to perform oral sex on Conley. Conley
made her engage in sexual contact at least one or two times a month. 
Â Â Â Â Â Â Â Â Â Â Â Â There is a significant amount of evidence to support damages for assault. After the first time
Conley touched Driver sexually, she felt betrayed and went to her room and cried. As a result,
Driver attempted suicide twiceâthe first time at age thirteen or fourteen, by cutting her wrists, and
again around age fifteen, by taking pills. She was distressed when her mother did not believe her
about the sexual abuse by Conley. Driver believes her recovery from the sexual abuse will be a
lifelong process. Driver testified, "It hurts me to think that my mom is still married to him today." 
This has affected how Driver relates to menâshe is very distrusting and does not believe them. 
When Driver found that Conley was obtaining or trying to obtain custody of his granddaughters, she
could not sleep at night knowing someone else might live through the nightmare she had been
through. Though there were times she could not emotionally handle the abuse, she tried not to let
that show on the outside. The first time Driver told school counselor, Donna Fleming, about the
sexual abuse, Driver was "tearful and upset." There was a "lot of sadness and emotion [and it]
seemed to really hurt" Driver that her mother did not believe her about the allegations of sexual
abuse. In later counseling sessions, Driver began to divulge more details and was very upset. Driver
said she was extremely upset, felt dirty, did not think she could ever have a normal sex life, and was
taking it very hard because she was thinking of marrying her boyfriend. It took eight counseling
sessions before Driver started talking about the sexual abuse, because there is "a lot of secrecy
involved with incest, a lot of shame." In the counseling session with Driver's parents and Driver,
Driver sat between her parents on the couch "like she was trying to make herself real small and
invisible and didn't want to be there." Driver exhibited relief when Fleming told her "you can't be
around" Conley. 
Â Â Â Â Â Â Â Â Â Â Â Â As cited above, there is a tremendous amount of discretion given to the jury on the amount
of damages. There is evidence of a probative nature, and thus legally sufficient evidence, to support
the jury's award of damages.
Â Â Â Â Â Â Â Â Â Â Â Â While there is evidence to the contrary, Conley's evidence is essentially directed at
challenging whether the sexual assault happened at all, not the damages for the assault. There is
legally and factually sufficient evidence to support the jury's determination of damages for assault.
(2)Â Â Â Â Â Â Â Sufficient Evidence Supports the Damages for Intentional Infliction of Emotional Distress 

Â Â Â Â Â Â Â Â Â Â Â Â Conley complains the evidence was legally and factually insufficient to support the jury's
award of damages for Conley's intentional infliction of emotional distress on Driver. Conley argues
that intentional infliction of emotional distress requires a showing that the emotional distress at issue
is so severe no reasonable person could be expected to endure it. See GTE Southwest, Inc. v. Bruce,
998 S.W.2d 605, 618 (Tex. 1999); see also Restatement (Second) Of Torts Â§ 46 (1965). As
with the first point of error, Conley concedes the sufficiency of the evidence to establish the tort of
intentional infliction of emotional distress.


 He challenges the amount of damages, which, again,
is within the jury's discretion.
Â Â Â Â Â Â Â Â Â Â Â Â Driver testified to nonassaultive behavior by Conley which caused her emotional and
psychological harm. She testified that she found a video camera in the hotel room she shared with
Conley, that he told her he had videotaped their sexual acts of the night before, and that he
specifically told her he did this to "destroy [her] reputation, [her] future, [her]marriage and . . .
relationships." Conley told Driver that the videotape would be his "ace in the hole" should she report
the abuse to her school counselor. Conley blamed Driver for ruining his life and marriage after she
reported the history of abuse and said he would do "everything in [his] power to ruin hers." This
conduct especially evinces Conley's intent to control or harm his stepdaughter.
Â Â Â Â Â Â Â Â Â Â Â Â Conley told Driver he had videotaped previous sexual encounters, including one where
Driver had fluid dripping down her leg. He told her it was because one day they would not have
their special relationship, and he wanted to remember. Conley later said he would ruin Driver's
reputation by showing the videotape to future boyfriends or husbands; and said he would send it to
her school, her current boyfriend and his family, and to her mother. Fleming said that Driver was
very upset and very worried that Conley had threatened her with these videotapes, and that Driver
wanted help. Driver acted like she expected videotapes to show up at her dormitory any day. Conley
threatened to mail them to various people, demonstrating a pattern of trying to control Driver by
these threats. Driver was afraid of Conley making good on his threats to expose her and to withhold
financial support. Also, when Driver would refuse Conley sex, he would cry and accuse her of not
wanting their "special relationship." When she began dating a boy in high school, Conley acted like
a jealous boyfriend. There is legally sufficient evidence to support damages for intentional infliction
of emotional distress.
Â Â Â Â Â Â Â Â Â Â Â Â As with the evidence relative to the assault damages, the minimal contrary evidence
challenged whether the events occurred, not the damages sustained as a result of his intentional
infliction of emotional distress.
Â Â Â Â Â Â Â Â Â Â Â Â There is sufficient evidence, legally and factually, to support the jury's award of damages for
intentional infliction of emotional distress.
(3)Â Â Â Â Â Â Â There Was No Error in Awarding Damages for Both
Â Â Â Â Â Â Â Â Â Â Â Â Conley's third point of error complains the trial court erred in entering judgment for damages
for liability on the two causes of action, which he claims were mutually exclusive.
Â Â Â Â Â Â Â Â Â Â Â Â Intentional infliction of emotional distress is a "gap-filler"


 tort, allowing recovery in the rare
instances in which a defendant intentionally inflicts severe emotional distress in an unusual manner
so the victim has no other recognized theory of redress. Hoffman La-Roche, Inc. v. Zeltwanger, 144
S.W.3d 438 (Tex. 2004). The tort supplements existing forms of recovery and therefore provides
a cause of action for egregious conduct that might otherwise go unremedied. Id. Intentional
infliction of emotional distress is not available as a cause of action unless the actor intended to cause
severe emotional distress, or such distress is a primary risk of the conduct. If conduct is intended
or primarily likely to produce severe emotional distress, Section 46 of the Restatement of Torts is
the applicable theory of recovery, even if the actor's conduct also produces some other harm. 
Johnson, 985 S.W.2d at 68. Properly limited, the tort is not available when the actor "'intends to
invade some other legally protected interest,' even if emotional distress results." Zeltwanger, 144
S.W.3d at 447. Even if the evidence of intentional infliction of emotional distress is independent
of that necessary to establish another tort claim, the extraneous actions must be "extreme or
outrageous as a matter of law." Id. "[E]xcept in circumstances bordering on serious criminal acts,"
even heinous acts "will rarely have merit as intentional infliction claims." Jackson, 157 S.W.3d at
818 (emphasis added).
Â Â Â Â Â Â Â Â Â Â Â Â Though Conley's counsel admitted in oral argument that the tort of intentional infliction of
emotional distress had been committed, any damages for that tort must be shown to have arisen from
the tort, within the framework for that tort as set out by the Texas Supreme Court. We conclude 
Driver has made such a showing. The evidence of damages detailed above qualifies under the above
authority because the evidence supports findings that (a) the damages for intentional infliction of
emotional distress came from Conley's actions, which were separate and apart from his assaultive
behavior; (b) those separate actions intentionally inflicted emotional distress on Driver or were likely
to produce that result in her; and (c) those separate actions were extreme and outrageous as a matter
of law, either being or bordering on criminal behavior.


 Therefore, the damages for intentional
infliction of emotional distress were recoverable in addition to the damages for assault under the
facts of this case.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the judgment of the trial court.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â October 5, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â October 25, 2005



argin-bottom:.0001pt;text-align:justify;text-justify:inter-ideograph;
mso-pagination:widow-orphan;tab-stops:center 3.25in'>   RONALD DOCKRAY, AS EXECUTOR OF THE

ESTATES OF B.J. DOCKRAY
AND LAVON DOCKRAY, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 6th Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Lamar County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. 74075

Â 

Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Moseley








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Ken
Norris and Roy Ervin, the only appellants in this case, have filed motions
seeking to dismiss their appeal.Â 
Pursuant to Rule 42.1 of the Texas Rules of Appellate Procedure, their
motions are granted.Â  Tex. R. App. P. 42.1.

Â Â Â Â Â Â Â Â Â Â Â  We dismiss the appeal.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bailey C. Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  March 8, 2010

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  March 9, 2010

Â 

Â