**AFFIRM; and Opinion Filed February 22, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00311-CV

## ISAIAH RAMIREZ, Appellant
## V.
## BAM! PIZZA MANAGEMENT, INC. D/B/A DALLAS DOMINO'S CO.,
### Appellee

### On Appeal from the 14th District Court
### Dallas County, Texas
### Trial Court Cause No. DC-22-12881-A

## MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Kennedy
Opinion by Justice Kennedy

Isaiah Ramirez appeals the trial court's default judgment in his favor on his claims against appellee BAM! Pizza Management, Inc. d/b/a Dallas Domino's Co. ("BAM"). In a single issue, Ramirez argues the trial court erred by denying his motion for new trial, in which he urged the award of damages in the final judgment was manifestly too small. *See* TEX. R. CIV. P. 320. We affirm. Because all issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## BACKGROUND

On September 15, 2022, Ramirez filed suit against BAM, asserting a claim for negligence. According to his petition, in February 2021, Ramirez was employed by BAM to deliver pizza using a bicycle provided by BAM. As Ramirez "was riding on the bicycle, the gears locked up resulting in [Ramirez's] being ejected from the bicycle, resulting [in] a fractured left hand." Ramirez sought to recover several categories of damages, including past and future medical expenses, past and future physical pain and suffering, past and future physical impairment, past and future mental anguish, property damage, disfigurement, and past and future lost wages.

On December 5, 2022, Ramirez filed a motion for default judgment, noting BAM's failure to file an answer and attaching affidavits in support of his claimed damages. In total, Ramirez sought $38,161.16 in past medical expenses, as well as $30,000 for past pain and suffering and $30,000 for past physical impairment. Two weeks later, the trial court signed a final judgment in favor of Ramirez and awarded him only the claimed $38,161.16 in past medical expenses. On December 29, BAM filed an answer, generally denying Ramirez's claim, as well as asserting, among other things, that the claim was subject to a binding arbitration agreement.

On January 18, 2023, Ramirez filed a motion to set aside the default judgment, or in the alternative, a motion for new trial or reconsideration. On March 2, Ramirez set the motion for a hearing on March 27. On March 24, Ramirez filed a notice of appeal and later a motion requesting this Court extend the time to file the notice of

appeal, which we granted. On March 27, the trial court signed an order denying Ramirez's January 18 motion.[1] This appeal followed.

## DISCUSSION

We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *Asymblix LLC v. Richardson Indep. Sch. Dist.*, No. 05-18-00433-CV, 2018 WL 3238013, at *8 (Tex. App.—Dallas July 3, 2018, no pet.) (mem. op.) (citing *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010)). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *See id.* (citing *Celestine v. Dep't of Fam. & Protective Servs.*, 321 S.W.3d 222, 235 (Tex. 2010)).

A trial court may grant a new trial for good cause on the motion of a party or on the court's own motion. TEX. R. CIV. P. 320. "New trials may be granted when the damages are manifestly too small or too large." *Id.* When the rule applies, it means that a court may require a new trial when a record cannot sustain damages that are either too large or too meager. *In re Rudolph Auto., LLC*, 674 S.W.3d 289, 305 (Tex. 2023) (orig. proceeding).

Ramirez argues the trial court erred by awarding to him only the claimed past medical expenses and none of the claimed damages for past pain and suffering or

---

[1] Although titled "Order Granting Plaintiff's Motion . . .," the order stated "there was no appearance" on this motion and ordered that the final default judgment entered on December 19, 2022 "remains in place."

–3–

for past physical impairment. He argues he presented undisputed evidence he suffered an injury, that he continued to suffer with pain at the time of his motion, and that he was "unable to do things in his personal life now that he was able to do before this incident."

BAM responds that Ramirez failed to offer competent evidence to support his claimed damages for past pain and suffering or for past physical impairment, such that the trial court did not abuse its discretion in denying Ramirez's motion for new trial.

The process of awarding damages for amorphous, discretionary injuries such as pain and suffering is inherently difficult because the alleged injury is a subjective, unliquidated, nonpecuniary loss. *See D. Burch, Inc. v. Catchings*, No. 05-08-00278-CV, 2009 WL 2581862, at \*4 (Tex. App.—Dallas Aug. 24, 2009, pet. denied) (mem. op.) (citing *Dollison v. Hayes*, 79 S.W.3d 246, 249 (Tex. App.—Texarkana 2002, no pet.)). The presence or absence of pain, either physical or mental, is an inherently subjective question because the process is not readily susceptible to objective analysis. *See id.* (citing *Dawson v. Briggs*, 107 S.W.3d 739, 751 (Tex. App.—Fort Worth 2003, no pet.)). Accordingly, the trier of fact is given broad discretion when determining such damages. *See id.* (citing *Sw. Tex. Coors, Inc. v. Morales*, 948 S.W.2d 948, 951–52 (Tex. App.—San Antonio 1997, no writ)).

Further, in reviewing the evidence, we bear in mind that the fact-finder is the exclusive judge of the credibility of the witnesses and the weight to give their

testimony.  *See Allesina v. Longshaw*, No. 05-16-01515-CV, 2018 WL 3301588, at *2 (Tex. App.—Dallas July 5, 2018, no pet.) (mem. op.) (citing *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003)); *see also Nova Cas. Co. v. Sovereign Parking & Transp. Servs., Inc.*, No. 01-15-00550-CV, 2016 WL 3964907, at *3 (Tex. App.—Houston [1st Dist.] July 21, 2016, no pet.) (mem. op.) ("We defer to the trial court's implied findings as to the affidavit's credibility."). The fact-finder may disbelieve a witness, even if the witness's testimony is uncontradicted.  *See Allesina*, 2018 WL 3301588, at *2 (citing *Barrajas v. VIA Metro. Trans. Auth.*, 945 S.W.2d 207, 209–10 (Tex. App.—San Antonio 1997, no writ)).

As noted by Ramirez, in support of his past pain and suffering, he offered his own affidavit, in which he testified:

> I also suffered from pain after the collision.  I continue to suffer from pain.

Further, in support of his past physical impairment, he testified:

> I also am unable to do things in my personal life now that I was able to do before this collision.

We conclude that the trial judge may have disbelieved Ramirez's affidavit testimony and that it was within his role as fact-finder to do so and to award no damages to Ramirez for his pain and suffering or physical impairment.  *See Gutierrez v. Hadsell*, No. 05-16-00354-CV, 2017 WL 1684677, at *2 (Tex. App.—Dallas May 3, 2017, no pet.) (mem. op.) ("Where the evidence of pain is conflicting,

–5–

scant, or more subjective than objective, appellate courts are generally reluctant to determine a jury finding of no damages is contrary to the great weight and preponderance of the evidence.") (citing *Blizzard v. Nationwide Mut. Fire Ins. Co.*, 756 S.W.2d 801, 804–05 (Tex. App.—Dallas 1988, no writ).

Ramirez also argues that the existence of physical pain and suffering may be presumed in cases where it is a natural consequence of injury. *See Qualls v. Miller*, 414 S.W.2d 746, 748 (Tex. App.—Texarkana 1967, writ dism'd). However, we have held that the mere fact of injury does not prove compensable pain or impairment. *See Gutierrez*, 2017 WL 1684677, at *2; *see also Blizzard*, 756 S.W.2d at 805. For an undisputed injury that is less serious and accompanied only by subjective complaints of pain, a fact-finder may reasonably believe that the injured party should be compensated for seeking enough medical care to ensure that the injury was not serious yet also conclude the injured party never suffered pain warranting a money award. *See Gutierrez*, 2017 WL 1684677, at *2 (citing *Blizzard*, 756 S.W.2d at 805). Here, Ramirez's evidence of his injury consists of his affidavit containing the foregoing statements and attesting he sustained "a fractured left hand" and affidavits of costs and records indicating he sought and obtained services from healthcare providers but not detailing the services provided or any symptoms or injuries observed. Accordingly, the trial court could have concluded Ramirez sought medical care but never suffered pain warranting an award for pain and suffering or impairment. *See id.*

We conclude the trial court did not abuse its discretion in denying Ramirez's motion for new trial.  Accordingly, we overrule his sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

230311F.P05

Miskel, J., concurring



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ISAIAH RAMIREZ, Appellant

No. 05-23-00311-CV          V.

BAM! PIZZA MANAGEMENT, INC. D/B/A DALLAS DOMINO'S CO., Appellee

On Appeal from the 14th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-22-12881. Opinion delivered by Justice Kennedy. Justices Nowell and Miskel participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BAM! PIZZA MANAGEMENT, INC. D/B/A DALLAS DOMINO'S CO. recover its costs of this appeal from appellant ISAIAH RAMIREZ.

Judgment entered this 22nd day of February 2024.